1

LAW OFFICES OF
**REINER, SLAUGHTER,**
**MAINZER & FRANKEL, LLP**
2851 Park Marina Drive, Suite 200
Post Office Box 494940
Redding, CA  96049-4940
(530) 241-1905
FAX (530) 241-0622

2

3

4

5

Russell Reiner, State Bar No. 84461
Todd E. Slaughter, State Bar No. 87753
Benjamin H. Mainzer State Bar No. 257748
Rick Lundblade, State Bar No. 220662
April K. Stratte, State Bar No. 290423

6

7

Attorneys for Plaintiffs

8

9

**UNITED STATES DISTRICT COURT**

10

**EASTERN DISTRICT OF CALIFORNIA**

11

12

JESSICA ORTIZ, individually and as
successor in interest to Ricardo Ortiz,
deceased; S. S., a minor, by and through her
guardian ad litem, Jessica Ortiz; and L.O., a
minor, by and through her guardian ad
litem, Jessica Ortiz,

CASE NO.

13

14

**COMPLAINT FOR VIOLATION OF**
**CIVIL RIGHTS (42 U.S.C. § 1983)**

15

Plaintiffs,

16

vs.

**DEMAND FOR JURY TRIAL**

17

18

COUNTY OF TRINITY, CALIFORNIA, a
local government entity; DEPUTY BEN
SPENCER, in his individual capacity;
SHERIFF TIM SAXON, in his individual
capacity; and DOES 1-40 inclusive,

19

20

21

Defendants.

_____/

22

23

Plaintiffs for their complaint against Defendants County of Trinity, Deputy Ben

24

Spencer, Sheriff Tim Saxon and DOES 1 through 40 hereby allege as follows:

25

////

26

////

27

28

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
**(42 U.S.C. § 1983) AND DEMAND FOR JURY TRIAL**                                        **PAGE 1**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

**JURISDICTION AND VENUE**

1.  This action, filed to redress the violation of Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution, arises under the Civil Rights Act of 1871, 42 U.S.C. § 1983.

2.  This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 1367.

3.  Venue is proper in this district under 28 U.S.C. § 1331(b) because the Defendants reside in this district and because a substantial part of the events or omissions giving rise to this claim occurred in this district.  Per Eastern District Local Rule 120(d), intradistrict venue in Sacramento is proper.

**PARTIES**

4.  Defendants' conduct in relation to Decedent, Ricardo Ortiz ("Decedent"), hereinafter alleged occurred in Trinity County, California.

5.  Plaintiff Jessica Ortiz was at all relevant times, the legally married spouse of Decedent, Ricardo Ortiz.  Plaintiff is the successor-in-interest as to Decedent as defined in Section 377.11 of the California Code of Civil Procedure.

6.  Plaintiff L.O. is the biological child of Decedent.

7.  Plaintiff S.S. is the minor daughter of Decedent's spouse, Jessica Ortiz. S.S. resided with Decedent and Jessica Ortiz for more than 180 days preceding the death of Decedent and was dependent upon Decedent for one half or more of her care and financial support.

////

////

---

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
**(42 U.S.C. § 1983) AND DEMAND FOR JURY TRIAL**                                    **PAGE 2**

8. At all relevant times, the Trinity County Sheriff's Office was a department or agency of Defendant County of Trinity, California ("Trinity County"). Trinity County is a public entity as defined by California Government Code section 811.2.

9. Defendant Deputy Ben Spencer ("Deputy Spencer") at all times herein mentioned was a public employee of Trinity County, to wit a deputy sheriff, as defined by California Government Code section 811.4.

10. At all times herein mentioned, Deputy Spencer was the employee of Trinity County. In doing the things alleged herein, Deputy Spencer was acting within the course and scope of this employment and was acting with the consent, permission and authorization of Trinity County.

11. Defendant Tim Saxon ("Defendant Saxon") at all times herein mentioned was the Sheriff of Trinity County.

12. In doing the things alleged herein, Defendant Saxon was acting within the course and scope of this employment and was acting with the consent, permission and authorization of Defendant Trinity County.

13. Defendant Saxon, as Sheriff of Trinity County, was responsible for training and supervising his subordinates and for ensuring the Trinity County Sheriff's Department adopted and enforced proper policies and procedures.

14. Plaintiffs are ignorant of the true names or capacities of the Defendants sued herein under the fictitious names Doe 1 through Doe 40, inclusive. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

15. Plaintiffs are informed and believe that each of the Doe Defendants was responsible in some manner for the occurrences and injuries alleged in this complaint. At all times herein mentioned, Doe Defendants 1 through 40 were California residents.

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
**(42 U.S.C. § 1983) AND DEMAND FOR JURY TRIAL**                    **PAGE 3**

16.  At all relevant times, DOES 1-20 were the employees or agents of Trinity County and at all relevant times were acting within the course and scope of their employment. DOES 1-20 had knowledge of the acts, conduct and operative information available to Defendants.

17.  At all relevant times, DOES 21-40 were the employees or agents of Trinity County and at all relevant times were acting within the course and scope of their employment.

18.  DOES 21-40 had at all relevant times the authority to create, change or modify the training, instruction, policies, departmental practices, standard operating procedures and customs of Trinity County Sheriff deputies and the ability to approve or ratify the conduct of Trinity County Sheriff deputies.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

19.  On or about December 10, 2020, at approximately 2:28 pm, Deputy Spencer received a call via dispatch to report to 1478 Hyampom Road ("subject property") based on an alleged dispute between Joseph Nieves ("Nieves") and Decedent.

20.  The subject property at 1478 Hyampom Road is approximately 100 acres.  The subject property is gated, with the main residence located down a road approximately a half mile from the gate.

21.  Upon arrival, Deputy Spencer contacted Nieves who told Deputy Spencer he was the owner of the subject property.  Nieves told Deputy Spencer he was running a marijuana cultivation operation on the property.

22.  Nieves also told Deputy Spencer that he had, via a phone call, terminated Decedent whom he stated had been his employee.

23.  Nieves reported to Deputy Spencer that upon being told he was fired, Decedent became angry.

24.  Nieves reported to Deputy Spencer that Decedent had expressed to him (Nieves) his belief that he (Decedent) was entitled to a portion of the property.  Nieves stated this was not true.

25.  Nieves also reported to Deputy Spencer that if Decedent returned to the property and Deputy Spencer was not there, it would get violent.

26.  Nieves then told Deputy Spencer that Decedent had threatened him over the telephone, saying words to the effect of, "wait until you see what I am going to do" however, when Nieves told Deputy Spencer what Decedent purportedly said to him, Deputy Spencer advised Nieves that what Nieves claimed Decedent had said was not a criminal threat. Nieves however insisted that what Decedent told him was a criminal threat.

27.  After being informed that what he claimed Decedent had told him was not a criminal threat, Nieves then changed his story.  Nieves now stated that Decedent had threatened to shoot him.

28.  Deputy Spencer then agreed to make contact with Decedent via telephone and, thereafter, left the subject property.

29.  However, before Deputy Spencer was able to make contact with Decedent, he was advised by dispatch that Decedent had arrived at the subject property.

30.  Upon being so informed, Deputy Spencer then returned to the property to make contact with Decedent.

31.  Upon making contact with Decedent, Decedent told Deputy Spencer that Nieves did not live at the property and only came to the property once or twice per year.  Decedent

reported to Deputy Spencer that he (Decedent) had been living on the property for over a year.

32.  Decedent also reported that Nieves had arrived on the property earlier that day and had been bullying employees on the property.

33.  After speaking with Decedent, Deputy Spencer then recontacted Nieves.  Nieves again told Deputy Spencer that the situation at the property would get violent if law enforcement was not present.

34.  Deputy Spencer advised both Nieves and Decedent that this was a "civil issue."

35.  After being so informed, Decedent told Deputy Spencer that he would leave the property and would pursue remedy through civil court.

36.  At or around 5:50 p.m. on December 10, 2020, Trinity County dispatch advised Deputy Spencer that Decedent had called looking to speak with him.

37.  Deputy Spencer then contacted Decedent by phone.

38.  Decedent told Deputy Spencer that workers at the subject property, who were still at the subject property, were being bullied and intimidated by Nieves and that they were scared of Nieves.

39.  Based on this report, Deputy Spencer agreed to perform a welfare check of the individuals at the property.

40.  At or around 6:00 p.m. on December 10, 2020, Deputy Spencer along with Deputy Spallino, who was serving as a cover officer, reported to the subject property and made contact with Nieves.

41.  While performing the welfare check, Deputy Spencer spoke with an individual named Adriana Marino.  Deputy Spencer noticed Marino had red puffy eyes and appeared to have been crying.

1        42.  While Marino denied being in danger, she reported to Deputy Spencer that

2    Nieves was forcing her to leave the property.

3        43.  Contrary however to what Marino told him, Nieves inconsistently claimed to

4    Deputy Spencer that he was not forcing his workers to leave the subject property.

5        44.  Deputy Spencer took no further action on the evening of December 10, 2020.

6        45.  The next morning, at or around 9:28 a.m. on December 11, 2020, Decedent

7    contacted the Trinity County Sheriff's Office.  Decedent advised that he wanted to remove

8    items he owned from the subject property and requested help.

9        46.  At or about 9:33 a.m., in response to Decedent's request, Deputy Spencer

10   contacted Decedent by telephone.

11       47.  During this call, Decedent reminded Deputy Spencer of the ongoing dispute

12   between himself and Nieves.  Decedent informed Deputy Spencer that Nieves was not

13   allowing him onto the subject property to retrieve his property.

14       48.  Deputy Spencer told Decedent that if he was a resident of the property, he had

15   every right to be there, but he advised Decedent that he (Deputy Spencer) thought that if

16   Decedent went to the property at that time, it would cause problems.

17       49.  At this point, Decedent advised Deputy Spencer that Nieves had a gun.

18       50.  Decedent also reiterated to Deputy Spencer that he wanted to proceed in the

19   "legal way."

20       51.  Deputy Spencer told Decedent that he would speak to Nieves about the situation

21   and asked Decedent not to go to the property alone at that time.

22       52.  Decedent advised that he planned to leave Redding to head to the subject

23   property, would not have cellphone reception most of the way, but would not enter the

24   property without Deputy Spencer.

25

26

27

28   **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
     **(42 U.S.C. § 1983) AND DEMAND FOR JURY TRIAL**                                    **PAGE 7**

53.  Deputy Spencer agreed to perform a civil standby to assist Decedent in retrieving his property from the subject property.

54.  Deputy Spencer advised he would meet Decedent at the gate of the subject property.

55.  After finishing his conversation with Decedent, Deputy Spencer went to the residence of Trinity County Sheriff's Office Sergeant Cavalli in order to advise Sergeant Cavalli of the situation.

56.  Upon being apprised of the situation, Sergeant Cavalli told Deputy Spencer that it sounded to him like Decedent was indeed a resident and Nieves could not keep him off the property.

57.  After speaking with Sergeant Cavalli, Deputy Spencer returned to 1478 Hyampom Road to advise Nieves.

58.  Upon reaching the subject property, Deputy Spencer encountered a locked gate

59.  Thereafter, Deputy Spencer then called Decedent to ask if he would request someone from the property to come down to unlock the gate.  Decedent advised he would.

60.  Thereafter, Deputy Spencer was advised by Trinity County Dispatch that Decedent was calling wishing to speak with him.

61.  Upon being so informed, Deputy Spencer recontacted Decedent via telephone. Decedent informed Deputy Spencer that workers at the subject property were not being allowed by Nieves to leave the residence to come unlock the gate.

62.  At or about this time, Deputy Spencer was contacted by Nieves, who had driven up from the residence located on the subject property.  Accompanying Nieves was Edwin Pousa and Willie Vincente.

63.  Deputy Spencer advised Nieves that if Decedent had been living at the subject property, Nieves could not evict him without an eviction notice from the Court.

64.  Nieves denied that Decedent had been living at the property, then asked Deputy Spencer to speak with Edwin Pousa.

65.  Contrary to Nieves's representations, Pousa confirmed to Deputy Spencer that Decedent had indeed been living at the subject property.

66.  Deputy Spencer then told Nieves that Decedent was claiming residency and was on his way to the property.

67.  In response to being so informed, Nieves told Deputy Spencer that he would not open the gate for Decedent and warned Deputy Spencer that "it might get bad if he comes here."

68.  Deputy Spencer then told Nieves that ownership of the property would have to be handled through the Courts.

69.  Deputy Spencer then left the property.

70.  Thereafter, Deputy Spencer recontacted Decedent via telephone.  Deputy Spencer informed Decedent that Nieves could not be inside the house where he (Decedent) is claiming residency.

71.  After speaking with Decedent, Deputy Spencer then returned to Sergeant Cavalli's residence.  Deputy Spencer informed Sergeant Cavalli that Nieves told him that he (Nieves) was going to keep the gate locked and not allow Decedent onto the property.

72.  After being so informed, Sergeant Cavalli told Deputy Spencer that it is a crime for a landlord to lock a resident off of a property without an eviction notice.

73.  At or around 11:38 a.m., Deputy Spencer proceeded to the subject property for purposes of effecting a civil standby for the benefit of Decedent.

74.  Upon arrival, Deputy Spencer noticed a couple of vehicles parked about 50 yards away from the locked gate.

75.  One individual then walked over to Deputy Spencer.  Deputy Spencer asked that individual, who identified himself as a worker for the owner of the property, to call Nieves so that Deputy Spencer could speak with him.

76.  The individual informed Deputy Spencer that Nieves did not allow anyone on or off the property without Nieves knowing.  The individual then went to contact Nieves.

77.  A short time later, Decedent arrived at the locked gate of the subject property.

78.  Soon thereafter, Nieves, driving a truck, approached the locked gate from the interior side of the gate.

79.  Once Nieves arrived, Deputy Spencer informed Nieves that he was not allowed to lock Decedent out of the property.

80.  A verbal argument then ensued between Nieves and Decedent.  Deputy Spencer then advised that if the conflict became physical, someone might go to jail.

81.  In response to this warning, Nieves indicated that he did not want to go to jail. At this time, Decedent then pulled Deputy Spencer aside and warned him that Nieves was not to be trusted.

82.  Nieves eventually agreed to unlock the gate.

83.  Thereafter, Decedent then got into his vehicle and drove to the residence on the subject property to collect his property.

84.  After Decedent left the vicinity of the gate and headed to the residence on the subject property, Deputy Spencer left the subject property and abandoned the civil standby he had agreed to perform for Decedent's benefit and safety.

85.  Deputy Spencer did not tell Decedent that he was leaving, and because Decedent had left the vicinity of the gate to go to the residence on the subject property, Decedent did not know that Deputy Spencer had left him.

86.  Significantly in leaving the subject property, Deputy Spencer left Nieves unattended.

87.  At that time, Decedent reasonably believed that Deputy Spencer, as part of performing the civil standby, would be making sure Nieves remained at the gate so that Decedent could safely recover his property.

88.  However, with no one securing him at the gate, Nieves drove to the residence to confront Decedent.

89.  Less than half an hour later, Nieves shot and killed Decedent while Decedent was at the subject property.

90.  On June 7, 2021, Plaintiffs Jessica Ortiz, S.S. and L.O. filed their Government Tort Claims against Defendant Trinity County.  These claims are attached hereto as Exhibits 1, 2, and 3 to this complaint.  The allegations of these claims are incorporated herein by reference.

91.  On June 10, 2021, Defendant Trinity County accepted receipt of Plaintiffs' tort claims.

92.  On August 12, 2021, Defendant Trinity County rejected Plaintiffs' tort claims.

93.  Pursuant to California Government Code section 911.8, the State Claims brought herein are timely alleged as this Complaint has been filed not later than six months from the date of denial.

////

////

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(42 U.S.C. § 1983) AND DEMAND FOR JURY TRIAL                                   PAGE 11

**FIRST CAUSE OF ACTION**
**LIABILITY FOR THE ACT OR OMISSION OF A PUBLIC EMPLOYEE**
**UNDER Cal. Gov. Code § 820(a)**
**(Against Defendant Trinity County)**

94.  Plaintiffs re-allege and incorporate as if fully stated herein all paragraphs of this complaint as if fully set forth herein.

95.  A special relationship between Defendant Trinity County, Deputy Spencer, DOES 1-20 and Decedent was created when Deputy Spencer and DOES 1-20 agreed to perform a civil standby for Decedent's protection.

96.  At all relevant times, Deputy Spencer and DOES 1-20 were employees of Defendant Trinity County acting within the course and scope of their employment.

97.  Decedent reasonably relied on Deputy Spencer and DOES 1-20 to protect him during the civil standby.

98.  By virtue of the special relationship that existed among Defendant Trinity County, Deputy Spencer, and DOES 1-20, these Defendants owed Decedent a duty of care reflective of the obligation to provide protection they undertook.

99.  Decedent's reliance on Defendant Trinity County, Deputy Spencer, and DOES 1-20 worsened Decedent's position and exposed Decedent to peril.

100.  Defendant Trinity County, failed to properly train Deputy Spencer, and DOES 1-20, who breached the aforementioned duty by abandoning Decedent while Decedent expected to be protected by Deputy Spencer and Does 1-20 during the civil standby.

101.  The conduct of Defendant Trinity County, Deputy Spencer, and DOES 1-20, especially with respect to the abandonment of Decedent, constituted affirmative actions which contributed to, increased, or changed the risk of harm to Decedent.

102.  As a proximate result of Defendants' actions, Decedent was killed and Plaintiffs suffered injury.  But for the actions of Defendants, Decedent would not have been killed and Plaintiffs would not have been injured.

**SECOND CAUSE OF ACTION**
**VICARIOUS LIABILITY FOR THE ACT OR OMISSION OF A PUBLIC**
**EMPLOYEE UNDER Cal. Gov. Code §§ 815.2(a), 820(a)**
**(Against Defendant Trinity County)**

103.  Plaintiffs re-allege and incorporate as if fully stated herein all paragraphs of this complaint as if fully set forth herein.

104.  A special relationship between Defendant Trinity County, Deputy Spencer, DOES 1-20 and Decedent was created when Deputy Spencer and DOES 1-20 agreed to perform a civil standby for Decedent's protection.

105.  Defendant Trinity County vicariously breached this duty of care when it, via the negligent, careless, and/or reckless actions of its employees, including Deputy Spencer and DOES 1-20, abandoned Decedent by leaving the scene of the civil standby without warning Decedent and without securing Nieves who reasonably should have been perceived to have been a threat to Decedent.

106.  These negligent, careless and/or reckless actions were a substantial factor and a legal cause of the injuries sustained by Decedent as alleged herein.

107.  Pursuant to Government Code section 815.2 (a), Defendant Trinity County is vicariously liable for the acts of its employees, including Deputy Spencer and DOES 1-40.

108.  When Deputy Spencer and DOES 1-20 negligently, carelessly and/or recklessly failed to properly protect Decedent after promising to do so, Defendant Trinity County vicariously took affirmative action which contributed to, increased, or changed the risk of harm to Decedent.

109.  Deputy Spencer and DOES 1-20 acted with deliberate indifference by abandoning Decedent during the civil standby thereby placing Decedent in harm's way.

110.  As a direct and proximate cause of Defendant Trinity County's vicarious actions, Decedent was killed and Plaintiffs suffered injury.

111.  But for the vicarious action of Defendant Trinity County, Decedent would not have been killed and Plaintiffs would not have been injured.

**THIRD CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS**
**42 U.S.C. § 1983**
**(Against Deputy Spencer and DOES 1-20)**

112.  Plaintiffs re-allege and incorporate as if fully stated herein all paragraphs of this complaint as if fully set forth herein.

113.  Deputy Spencer and DOES 1-20 violated Decedent's rights under the Fourteenth Amendment of the United States Constitution by placing him in a known or reasonably foreseeable danger with deliberate indifference to his personal and physical safety. 114.  Deputy Spencer and DOES 1-20 violated Plaintiffs' rights under the Fourteenth Amendment of the United States Constitution by abandoning Decedent after they had agreed to perform a civil standby for Decedent's benefit.

115.  Deputy Spencer and DOES 1-20 further violated Decedent's right to substantive due process by leaving the scene of the civil standby without first telling Decedent, who reasonably believed Deputy Spencer and DOES 1-20 were continuing to secure Nieves at the gate of the property.

116. By abandoning Decedent after he had proceeded to the property, Deputy Spencer and DOES 1-20 affirmatively placed Decedent in a position of danger by creating and

exposing Decedent to a danger which he would not have otherwise faced but for the actions of Deputy Spencer and DOES 1-20.

117.   Given that Deputy Spencer and DOES 1-20 had actual knowledge of a past, recent conflict between Decedent and Nieves, that Nieves had intimated on multiple occasions that if Decedent was at the subject property violence was probable and that Nieves was alleged by Decedent to have a gun, Deputy Spencer and DOES 1-20 acted with deliberate inference when they disregarded the known or obvious consequences of abandoning Decedent.

118.  Via their agreement to perform a civil standby and by thereafter taking actions that would reasonably have caused Decedent to believe he would be protected by Deputy Spencer and DOES 1-20 from harm, a special relationship between Deputy Spencer, DOES 1-20 and Decedent was created.

119.  By leaving the property with Nieves unsecured and free to surprise Decedent at the property, Deputy Spencer and DOES 1-20 took affirmative action which contributed to, increased or changed the risk of harm to Decedent and exposed him to a danger he would not otherwise have faced.

120.  By and through doing the aforementioned, Deputy Spencer and DOES 1-20 breached the duty of care owed Decedent that was reflective of the special relationship created.

121.  As a proximate result of the conduct of Deputy Spencer and DOES 1-20, Plaintiffs were seriously injured.

122.  Defendants' conduct as alleged herein was despicable conduct and was carried on by Defendants with a willful and conscious disregard of the rights and safety of Decedent.

1  Defendants' conduct subjected Decedent to cruel and unjust hardship in conscious disregard

2  of Decedent's rights.

3

4                          **FOURTH CAUSE OF ACTION**
                           **VIOLATION OF CIVIL RIGHTS**
5                                **42 U.S.C. § 1983**
                   **(Against Defendant Trinity County and DOES 21-40)**
6

7        123.  Plaintiffs re-allege and incorporate as if fully stated herein all paragraphs of this

8  complaint as if fully set forth herein.

9        124.  The conduct of Deputy Spencer and DOES 1-20, i.e., by leaving the scene of

10  the civil standby without first telling Decedent, who reasonably believed Deputy Spencer and

11  DOES 1-20 were continuing to secure Nieves at the gate of the property, deprived Plaintiffs

12  of their rights under the Fourteenth Amendment to the United States Constitution.

13        125.  This aforementioned conduct of Deputy Spencer and DOES 1-20 was the

14  consequence of training, instruction, longstanding departmental practice, policy and custom

15  which constituted the standard operating procedure of the County of Trinity and DOES 21-

16  40.  Among other things, Defendant Trinity County and DOES 21-40 failed to adequately

17  train, monitor, supervise, Deputy Spencer and DOES 1-20 with respect to how to perform

18  civil standbys.

19
20        126.  In doing the aforementioned, Deputy Spencer and DOES 1-20 were acting

21  pursuant to training, instruction, longstanding departmental practice, policy and custom and

22  consistent with long-standing practice or custom promulgated by Defendant Trinity County

23  and Does 21-40.

24        127.  Defendant Trinity County and DOES 21-40 were aware of the aforementioned

25  deficiencies in training, instruction, longstanding departmental practice, policy and custom

26  but nonetheless failed to correct the deficiencies despite having the authority to do so.  This

27

28  **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
    **(42 U.S.C. § 1983) AND DEMAND FOR JURY TRIAL**                         **PAGE 16**

failure to train, monitor or supervise Deputy Spencer and DOES 1-20 or create adequate, polices, procedures, customs and standard operating procedures amounts to deliberate indifference to Plaintiffs' constitutional rights and were the moving force behind their injuries.

128.  As a result of the conduct of Deputy Spencer and DOES 1-20, which constituted violations of Plaintiffs' rights under the Fourteenth Amendment of the United States Constitution, and was done pursuant to training, instruction, longstanding departmental practice, policy and custom of Defendant Trinity County, Decedent was killed and Plaintiffs suffered injury.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS**
**42 U.S.C. § 1983**
**(Against Defendant Saxon and DOES 21-40)**

129.  Plaintiffs re-allege and incorporate as if fully stated herein all paragraphs of this complaint as if fully set forth herein..

130.  The conduct of Deputy Spencer and DOES 1-20, i.e., leaving the scene of the civil standby without first telling Decedent, who reasonably believed Deputy Spencer and DOES 1-20 were continuing to secure Nieves at the gate of the property, deprived Decedent of his rights under the Fourteenth Amendment to the United States Constitution.

131.  The conduct of Deputy Spencer and DOES 1-20 was the result of inadequate training, instruction, longstanding departmental practice, policy and custom.

132.  Specifically, Deputy Spencer and Does 1-20 were not adequately trained, monitored or supervised by Defendant Saxon and Does 21-40 with respect to how to perform civil standbys.

133.  The harm that befell Decedent should have been foreseeable to Defendant Saxon and DOES 21-40 as a properly trained, monitored and supervised deputy sheriff would have known not to abandon Decedent during the civil standby.

134.  As Sheriff of Trinity County, Defendant Saxon, along with DOES 21-40, were responsible for supervising, training, and monitoring Deputy Spencer and DOES 1-20.

135.  Defendant Saxon and DOES 21-40 were aware of the aforementioned deficiency in training, instruction, longstanding departmental practice, policy and custom but nonetheless failed to correct the deficiency despite having the authority to do so.

136.  This failure to train Deputy Spencer and DOES 1-20 or create adequate policies, procedures, customs or standard operating procedures regarding the performance of civil standbys amounts to deliberate indifference to Decedent's constitutional rights and were the moving force behind his death and Plaintiffs' injuries.

137.  This failure by Defendant Saxon and Does 21-40 to train, supervisor or monitor Deputy Spencer and DOES 1-20 and create adequate, polices, procedures, customs and standard operating procedures regarding the performance of civil standbys amounts to deliberate indifference to Decedent's constitutional rights and were the moving force behind Plaintiffs' injuries.

138.  The conduct of Defendant Saxon and DOES 21-40 as alleged herein was despicable conduct and was carried on by Defendant Saxon and DOES 21-40 with a willful and conscious disregard of the rights and safety of Decedent.  Defendants' conduct subjected Plaintiffs to cruel and unjust hardship in conscious disregard of Plaintiffs' rights.

////

////

////

## PUNITIVE DAMAGES ALLEGATIONS AGAINST
## DEPUTY SPENCER, DEFENDANT SAXON AND DOES 1-40

139.  Plaintiffs re-allege and incorporate as if fully stated herein all paragraphs of this complaint as if fully set forth herein.

140.  Deputy Spencer and DOES 1-20, all of whom were employed by Defendant Trinity County during the events in question and were acting within the course and scope of their employment, are liable for punitive damages by virtue of having committed the acts and omissions discussed above with oppression.  Their acts and omissions were despicable and subjected Decedent to cruel and unjust hardship in knowing disregard of his rights because of the obvious harm that could befall persons like Decedent if civil standbys were not properly performed.

141.  The job of Deputy Spencer and DOES 1-20 was to protect citizens like Decedent.

142.  Once Deputy Spencer and DOES 1-20 agreed to perform the civil standby for Decedent's benefit, Decedent was entitled to rely upon the promise of protection.

143.  However, despite actual knowledge of past and recent conflicts between Decedent and Nieves, that Nieves had intimated on multiple occasions that if Decedent was at the subject property violence was probable and that Nieves was alleged by Decedent to have a gun, Deputy Spencer and DOES 1-20 abandoned Decedent and allowed the violent conformation to occur between Nieves and Decedent that led to Decedent's death.

144.  Deputy Spencer and DOES 1-20 failed to provide any protection to Decedent from a known, and foreseeable danger.

////

////

1    145.  In fact, Deputy Spencer and DOES 1-20 made the situation worse by enabling

2    Nieves to surprise Decedent as Decedent reasonably believed Deputy Spencer and Does 1-20

3    would be securing Nieves at the gate and ensuring Decedent's safety during the civil standby.

4    146.  The aforementioned failing of Deputy Spencer and DOES 1-20 was result of the

5    failure of Defendant Saxon and DOES 21-40 to train, monitor and supervise Deputy Spencer

6    and DOES 1-20, as well as the failure of Defendant Saxon and DOES 21-40 to create

7    adequate policies, procedures, customs and standard operating procedures regarding the

8    performance of civil standbys.

9    

10   147.  Their acts and omissions were despicable and subjected Decedent to cruel and

11   unjust hardship in knowing disregard of his rights because of the obvious harm that could

12   befall persons like Decedent if civil standbys were not properly performed.

13   WHEREFORE, Plaintiffs pray for judgment as follows:

14   1.  Compensatory and general damages in the amount of at least $10,000,000.00;

15   2.  For punitive damages where permissible by law in an amount appropriate to

16   punish Defendants for their conduct and deter Defendants' conduct;

17   

18   3.  Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

19   4.  For such other and further relief as the court deems proper.

20   

21   DATED:  December 7, 2021

        REINER, SLAUGHTER, MAINZER
22            & FRANKEL, LLP

23   

24   By:  /s/ Benjaimin H. Mainzer          .
        BENJAMIN H. MAINZER
25      Attorneys for Plaintiffs

26   

27   

28

1

## JURY TRIAL DEMANDED

2

Plaintiffs demand a jury trial on each cause of action alleged herein.

3

DATED:  December 7, 2021

4                                        **REINER, SLAUGHTER, MAINZER**
                                         **& FRANKEL, LLP**

5

6                                  By: _/s/ Benjaimin H. Mainzer_____.

7                                        BENJAMIN H. MAINZER
                                         Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "1"

## COUNTY OF TRINITY

### CLAIM FOR DAMAGES

This claim must be filed with the Board of Supervisors within six (6) months after the accident or event. Where space is insufficient, please use additional paper and identify information by paragraph number. Please include photographs if applicable.
When claim is complete, mail to:

**TRINITY COUNTY BOARD OF SUPERVISORS OFFICE**
**ATTN:  CLERK OF THE BOARD**
**Courthouse**
**P.O. Box 1613**
**Weaverville, CA  96093**

*Note: Facsimile or electronic submissions will **NOT** be accepted!*

**CLAIMANT:** Jessica Ortiz, ██████████, a minor, ██████, a minor, ████ as successors in interest to Ricardo "Ric" Ortiz, Deceased.

NAME: ___Jessica Ortiz___

ADDRESS: _14581 Clear Creek Knolls Drive_
Redding, CA 96001

TELEPHONE: __Contact through attorney:___ (305) 407-7342

DATE OF BIRTH: __N/A__

DRIVER'S LICENSE # __N/A__

The undersigned respectfully submits the following claim and information:

1. Address to which claimant desires notice(s) to be sent if other than above:
   Reiner, Slaughter, Mainzer & Frankel, LLP
   _PO Box 494940, Redding, CA 96049-4940_ (530) 241-0290

2. Date, place, and time of occurrence or transaction which gives rise to this claim:
   DATE: _December 11, 2020_                    TIME: __11:59 a.m.__
   PLACE: _1478 Hyampom Road, Hayfork, California 96041_

3. Specify the particular act or omission *and* circumstance you believe caused injury and/or damage: Please see "Attachment to Question 3".

4. Name or names of any employee of the County you believe caused the injury, damage, or loss:
   Deputy Benjamin Spencer and other currently unidentified employees or agents of Trinity County.

5. Description of property damaged:

6. Owner of property damaged: _____

7. Location of property damaged: _____

8. Description of personal injury (if there was no personal injury state "NONE"):

   Decedent Ricardo Ortiz was killed after being abandoned by a TCSO deputy who has responded to Decedent's request for a civil standby and who Decedent reasonably understood had promised to provide him protection. Each Claimant suffered damages related to the death of Ricardo Ortiz including the loss of love, comfort, care, society, affection and moral support. Claimants were all also financially dependent upon Decedent.

9. Name of any other person injured: _____

   Address of injured person: _____

10. Name and addresses of witnesses, doctors, hospitals, etc.:

| | NAME | ADDRESS | TELEPHONE |
|---|---|---|---|
| (1) | Juana Marino | address and phone number as stated in TSCO report No. 20-01493 | |
| (2) | Rodolfo Marino | address and phone number as stated in TSCO report No. 20-01493 | |
| (3) | Willie A. Vincente | address and phone number as stated in TSCO report No. 20-01493 | |

   Please see attachment 10 for additional witness names

11. Amount of reimbursement claimed as damages with computation and supporting bills, receipts, or estimates of cost:
   **(Please attach supporting documents to this form)**

   Claimants suffered wrongful death damages associated with the death of Decedent, Ricardo Ortiz.

12. Any additional information that might be helpful in considering claim:

### WARNING! IT IS A CRIMINAL OFFENSE TO FILE A FALSE CLAIM!
#### (Penal Code 72; Insurance Code 556)

I have read the matters and statements made in the above claim and I know the same to be true of my own knowledge, except as to those matters stated upon information or belief and as to such matters I believe the same to be true. I certify under penalty of perjury that the forgoing is true and correct.

SIGNED THIS ___7th___ DAY OF ___June___ 20 _21_ TIME ___10:00 a.m.___

_Benjamin Mainzer_

CLAIMANT'S SIGNATURE
Benjamin H. Mainzer, Esq.
Attorney for Jessica Ortiz as Successor in
Interest to Ricardo "Ric" Ortiz, Deceased

Clear Form

**Attachment to Question 3**

This claim arises out of an incident that occurred on December 11, 2020, wherein Ricardo "Ric" Ortiz (Ortiz) was shot and killed by Joseph Nieves (Nieves). This homicide occurred at 1478 Hyampom Road in Hayfork, California.

At the time of the homicide, Ortiz was at the property located at the Hyampom Road property. He had requested a civil standby to facilitate a property dispute between himself and Nieves. In the days preceding the homicide of December 11, 2020, deputies of the Trinity County Sheriff's Office (TCSO) had been dispatched to respond to disturbances at the Hyampom Road property between Ortiz and Nieves. The TCSO therefore had actual knowledge of past conflict between Ortiz and Nieves and reason to suspect that any future interactions between Ortiz and Nieves could potentially become violent.

On December 11, 2020, Ortiz called the TCSO to request a civil standby to make sure that he was safe the Hyampom Road property when he went there to retrieve belongings.

On December 11, 2020, a TCSO deputy, believed to be Benjamin Spencer, was dispatched to the Hyampom Road property in response to Ortiz's request for a civil standby. Deputy Spencer met Ortiz and Nieves at the gate of the Hyampom Road property. In order to prevent any conflict, Spencer told Ortiz to go the residence and told Nieves to stay at the gate. Ortiz then left for the residence, understanding that Nieves would be kept at the gate by Deputy Spencer. For unknown reasons, instead of staying to make sure that Nieves remained at the gate and stay away from Ortiz, Deputy Spencer left. Thereafter, Nieves then left the gate, went to the residence, contacted Ortiz, and shot him. Ortiz died from his wounds.

This claim is being presented pursuant to *Monell v. Dept. of Soc. Servs. of City of New York,* 436 U.S. 658, 690 (1978) for the County's failure to hire, train, and supervise its Sheriff's deputies. Furthermore, Ortiz relied on the affirmative representation of Deputy Spenser that Nieves would be held at the gate as part of the civil standby so he (Ortiz) could safely go to the residence. By leaving the scene after representing to Oritz that he would be present to keep Nieves at the gate, Deputy Spencer acted with deliberate indifference and caused Ortiz to face a danger he would not otherwise have faced.

**Attachment to Question 10**

Additional witnesses:

Deputy Benjamin Spencer
Isiah L. Echeandia (address and phone number as stated in TSCO report No. 20-01493)
Dayan H. Arias (address and phone number as stated in TSCO report No. 20-01493)
Gabriel Hernandez (address and phone number as stated in TSCO report No. 20-01493)
Larry Echeandia (address and phone number as stated in TSCO report No. 20-01493)
Adriana Marino (address and phone number as stated in TSCO report No. 20-01493)
Edwin D. Pousa (address and phone number as stated in TSCO report No. 20-01493)
Jessica Ortiz (through counsel)
Rachel Wood (address and phone number as stated in TSCO report No. 20-01493)
Scott Watkins (address and phone number as stated in TSCO report No. 20-01493)
Ronald Jurin (address and phone number as stated in TSCO report No. 20-01493)
Thomas Rawlings (address and phone number as stated in TSCO report No. 20-01493)

1  Re:  **Ortiz v. County of Trinity, et al.**

2

3                               **PROOF OF SERVICE**

4        I am citizen of the United States and employed in Shasta County, California.  I am
      over the age of eighteen and not a party to the within action;  and, on this date, I served:
5

6                              **CLAIM FOR DAMAGES**
         **(JESSICA ORTIZ, as successor in interest to Ricardo "Ric" Ortiz, Deceased)**

7    __X__              By United States Mail – Certified – Return Receipt Requested to the
                        person/entity at the address set forth below:
8

9   Trinity County Board of Supervisors Office
    Attn:  Clerk of the Board
10   Courthouse
    PO Box 1613
11   Weaverville, CA 96093

12

13   _____            By transmitting a true copy thereof by facsimile machine to the telefacsimile
                        number shown following the name of each such party below:
14

15   _____            After confirmation of the facsimile, a true and correct copy was sent by
                        United States Post Office regular delivery to the person/address set forth
16                      below:

17

18        I declare under penalty of perjury according to the laws of the State of California that

19   the foregoing is true and correct.  Executed June 7th, 2021, at Redding, California.

20                                               _____

21                                               **LINDA J. SCOUBES**

22

23

24

25

26

27

28

FIRST·CLASS

CERTIFIED MAIL

USPS·FIRSTCLASS

9489 0090 0027 6093 1736 96

Label 800-PB, Oct. 2015
Pitney Bowes

LAW OFFICES OF
Reiner, Slaughter, Mainzer & Frankel
2851 Park Marina Drive, Suite 200
Redding, CA 96001

FROM

TO    TRINITY COUNTY BOARD OF SUPERVISORS OFFICE
ATTN:  CLERK OF THE BOARD
COURTHOUSE
PO BOX 1613
WEAVERVILLE CA 96093

CERTIFIED MAIL – RETURN RECEIPT REQUESTED


**UNITED STATES**
**POSTAL SERVICE**

July 10, 2021

Dear Linda Scoubes:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9489 0090 0027 6093 1736 96**.

## Item Details

**Status:** Delivered
**Status Date / Time:** June 10, 2021, 10:27 am
**Location:** WEAVERVILLE, CA 96093
**Postal Product:** First-Class Mail®
**Extra Services:** Certified Mail™
Return Receipt Electronic

## Shipment Details

**Weight:** 7.8oz

## Recipient Signature

| Signature of Recipient: | Mary Rist<br>Mary Rist<br>**PO BOX 1613**<br>WEAVERVILLE, CA 96093-1613 |
|---|---|
| Address of Recipient: | |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

# CLAIM RECEIVED

**COPY**

RECEIVED
Via certified mail
JUN 1 0 2021

## COUNTY OF TRINITY

### CLAIM FOR DAMAGES

Trinity County
Board of Supervisors
By: _____

☐ DIARY
☐ FILE
☐ CALENDARED
☐ ..........................

JUN 17 2021

REINER, SLAUGHTER, MAINZER & FRANKEL
LAW OFFICES

This claim must be filed with the Board of Supervisors within six (6) months after the accident or event. Where space is insufficient, please use additional paper and identify information by paragraph number. Please include photographs if applicable.
When claim is complete, mail to:

**TRINITY COUNTY BOARD OF SUPERVISORS OFFICE**
**ATTN:  CLERK OF THE BOARD**
**Courthouse**
**P.O. Box 1613**
**Weaverville, CA  96093**

*Note: Facsimile or electronic submissions will **NOT** be accepted!*

**CLAIMANT:**

Jessica Ortiz, ███████████ a minor, ███████, a minor, ██████████ ███████ as successors in interest to Ricardo "Ric" Ortiz, Deceased.

NAME: _____ Jessica Ortiz

ADDRESS: _____ 14581 Clear Creek Knolls Drive
_____ Redding, CA 96001

TELEPHONE: _____ Contact through attorney:  (305) 407-7342

DATE OF BIRTH: _____ N/A

DRIVER'S LICENSE # _____ N/A

The undersigned respectfully submits the following claim and information:

1. Address to which claimant desires notice(s) to be sent if other than above:
   Reiner, Slaughter, Mainzer & Frankel, LLP
   PO Box 494940, Redding, CA 96049-4940    (530) 241-0290

2. Date, place, and time of occurrence or transaction which gives rise to this claim:

   DATE: _____ December 11, 2020 _____ TIME: _____ 11:59 a.m.

   PLACE: _____ 1478 Hyampom Road, Hayfork, California 96041

3. Specify the particular act or omission *and* circumstance you believe caused injury and/or damage:  Please see "Attachment to Question 3".

4. Name or names of any employee of the County you believe caused the injury, damage, or loss:

   Deputy Benjamin Spencer and other currently unidentified employees or agents of Trinity County.

5. Description of property damaged:


6. Owner of property damaged: _____

7. Location of property damaged: _____

8. Description of personal injury (if there was no personal injury state "NONE"):

Decedent Ricardo Ortiz was killed after being abandoned by a TCSO deputy who has responded to Decedent's request for a civil standby and who Decedent reasonably understood had promised to provide him protection. Each Claimant suffered damages related to the death of Ricardo Ortiz including the loss of love, comfort, care, society, affection and moral support.  Claimants were all also financially dependent upon Decedent.

9. Name of any other person injured: _____

Address of injured person: _____

10. Name and addresses of witnesses, doctors, hospitals, etc.:

|  | NAME | ADDRESS | TELEPHONE |
|---|---|---|---|
| (1) | Juana Marino | address and phone number as stated in TSCO report No. 20-01493 | |
| (2) | Rodolfo Marino | address and phone number as stated in TSCO report No. 20-01493 | |
| (3) | Willie A. Vincente | address and phone number as stated in TSCO report No. 20-01493 | |

Please see attachment 10 for additional witness names

11. Amount of reimbursement claimed as damages with computation and supporting bills, receipts, or estimates of cost:
(Please attach supporting documents to this form)

Claimants suffered wrongful death damages associated with the death of Decedent, Ricardo Ortiz.

12. Any additional information that might be helpful in considering claim:




**WARNING!  IT IS A CRIMINAL OFFENSE TO FILE A FALSE CLAIM!**
(Penal Code 72: Insurance Code 556)

I have read the matters and statements made in the above claim and I know the same to be true of my own knowledge, except as to those matters stated upon information or belief and as to such matters I believe the same to be true.  I certify under penalty of perjury that the forgoing is true and correct.

SIGNED THIS ____7th____ DAY OF ___June_____ 20 _21___ TIME ___10:00 a.m.____

_____
**CLAIMANT'S SIGNATURE**
Benjamin H. Mainzer, Esq.
Attorney for Jessica Ortiz as Successor in
Interest to Ricardo "Ric" Ortiz, Deceased

Clear Form

**Attachment to Question 3**

This claim arises out of an incident that occurred on December 11, 2020, wherein Ricardo "Ric" Ortiz (Ortiz) was shot and killed by Joseph Nieves (Nieves). This homicide occurred at 1478 Hyampom Road in Hayfork, California.

At the time of the homicide, Ortiz was at the property located at the Hyampom Road property. He had requested a civil standby to facilitate a property dispute between himself and Nieves. In the days preceding the homicide of December 11, 2020, deputies of the Trinity County Sheriff's Office (TCSO) had been dispatched to respond to disturbances at the Hyampom Road property between Ortiz and Nieves. The TCSO therefore had actual knowledge of past conflict between Ortiz and Nieves and reason to suspect that any future interactions between Ortiz and Nieves could potentially become violent.

On December 11, 2020, Ortiz called the TCSO to request a civil standby to make sure that he was safe the Hyampom Road property when he went there to retrieve belongings.

On December 11, 2020, a TCSO deputy, believed to be Benjamin Spencer, was dispatched to the Hyampom Road property in response to Ortiz's request for a civil standby. Deputy Spencer met Ortiz and Nieves at the gate of the Hyampom Road property. In order to prevent any conflict, Spencer told Ortiz to go the residence and told Nieves to stay at the gate. Ortiz then left for the residence, understanding that Nieves would be kept at the gate by Deputy Spencer. For unknown reasons, instead of staying to make sure that Nieves remained at the gate and stay away from Ortiz, Deputy Spencer left. Thereafter, Nieves then left the gate, went to the residence, contacted Ortiz, and shot him. Ortiz died from his wounds.

This claim is being presented pursuant to *Monell v. Dept. of Soc. Servs. of City of New York,* 436 U.S. 658, 690 (1978) for the County's failure to hire, train, and supervise its Sheriff's deputies. Furthermore, Ortiz relied on the affirmative representation of Deputy Spenser that Nieves would be held at the gate as part of the civil standby so he (Ortiz) could safely go to the residence. By leaving the scene after representing to Oritz that he would be present to keep Nieves at the gate, Deputy Spencer acted with deliberate indifference and caused Ortiz to face a danger he would not otherwise have faced.

**Attachment to Question 10**

Additional witnesses:

Deputy Benjamin Spencer
Isiah L. Echeandia (address and phone number as stated in TSCO report No. 20-01493)
Dayan H. Arias (address and phone number as stated in TSCO report No. 20-01493)
Gabriel Hernandez (address and phone number as stated in TSCO report No. 20-01493)
Larry Echeandia (address and phone number as stated in TSCO report No. 20-01493)
Adriana Marino (address and phone number as stated in TSCO report No. 20-01493)
Edwin D. Pousa (address and phone number as stated in TSCO report No. 20-01493)
Jessica Ortiz (through counsel)
Rachel Wood (address and phone number as stated in TSCO report No. 20-01493)
Scott Watkins (address and phone number as stated in TSCO report No. 20-01493)
Ronald Jurin (address and phone number as stated in TSCO report No. 20-01493)
Thomas Rawlings (address and phone number as stated in TSCO report No. 20-01493)

Re:    **Ortiz v. County of Trinity, et al.**

## PROOF OF SERVICE

I am citizen of the United States and employed in Shasta County, California.  I am over the age of eighteen and not a party to the within action;  and, on this date, I served:

**CLAIM FOR DAMAGES**
**(JESSICA ORTIZ, as successor in interest to Ricardo "Ric" Ortiz, Deceased)**

___X___    By United States Mail – Certified – Return Receipt Requested to the person/entity at the address set forth below:

Trinity County Board of Supervisors Office
Attn:  Clerk of the Board
Courthouse
PO Box 1613
Weaverville, CA 96093

_____    By transmitting a true copy thereof by facsimile machine to the telefacsimile number shown following the name of each such party below:

_____    After confirmation of the facsimile, a true and correct copy was sent by United States Post Office regular delivery to the person/address set forth below:

I declare under penalty of perjury according to the laws of the State of California that the foregoing is true and correct.  Executed June 7th, 2021, at Redding, California.

_____
**LINDA J. SCQUBES**

---

**PROOF OF SERVICE VIA UNITED STATES MAIL – CERTIFIED – RETURN RECEIPT REQUESTED**

**CLAIM REJECTED**

# Trindel

## Insurance Fund

ALPINE-COLUSA-DEL NORTE-LASSEN-MODOC-MONO-PLUMAS-SAN BENITO-SIERRA-SUTTER-TRINITY
A JOINT POWERS AUTHORITY ESTABLISHED IN 1980
**www.trindel.org**

☐ CALENDARED

☐ ............................................................

AUG 16 2021

REINER, SLAUGHTER, MAINZER & FRANKEL
LAW OFFICES

To: Reiner, Slaughter, Mainzer & Frankel, LLP
PO Box 494940
Redding, CA 96049-4940

# NOTICE OF REJECTED CLAIM (Gov. Code 913)

**RE: Jessica Ortiz** v. The County of Trinity
Claim No.: TRI21-0004
DOL: 12/11/2020
Presented on: 6/7/2021

Dear Gentleperson's:

**NOTICE IS HEREBY GIVEN** that the claim which you presented to the County of Trinity on June 7, 2021 was rejected by the County on August 12, 2021.

## WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice is personally delivered or deposited in the mail to file a court action on your state law claims. See Government Code Section 945.6. This notice does not apply to any claim you may have under federal law, and your time for filing an action on any federal law claim may be less than six months.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Please be advised that pursuant to Sections 128.7 and 1038 of the California Code of Civil Procedure, the County of Trinity will seek to recover all costs of defense in the event an action is filed in this matter and it is determined that action was not brought in good faith and with reasonable cause.

DATED: August 12, 2021

**Andrew W.B. Fischer**, ARM-P
Trindel Insurance Fund
Claims Administrator for
**COUNTY OF TRINITY**

File No.        TRI21-0004

cc:      Trinity County (EMAIL)

Trindel Insurance Fund is an authorized agent for the County of Trinity

## PROOF OF SERVICE - C.C.P, Section 1013A, 2015.5

I, **Andrew Fischer**, declare that:

1.  I am employed in the County of Trinity, California; I am over the age of eighteen years and not a party to the within cause; and my business address is **PO Box 2069 Weaverville, CA 96093**

2.  I am readily familiar with the practice of Trindel Insurance Fund in the processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

3.  On August 12, 2021, I served the following document(s)

**Notice of Rejected Claim** for the claim of Jessica Ortiz

In said cause, on the following interested parties:

> Reiner, Slaughter, Mainzer & Frankel, LLP
> PO Box 494940
> Redding, CA 96049-4940

4.  Said service was performed in the following manner:

X    **BY U.S. POSTAL SERVICE (Mail):** I placed each such document in a sealed envelope addressed as noted above, with first-class mail postage thereon fully prepaid, for collection and mailing at Weaverville, California, following the above-stated business practice, on this date.

**BY PERSONAL SERVICE:** I hand-delivered each such envelope to the address[es] listed on this date.

**BY COURIER/MESSENGER SERVICE (Hand Delivery):** I caused each such envelope to be delivered by hand to the address[es] listed above on this date.

**BY FACSIMILE:** I caused said document[s] to be transmitted by facsimile machine to the parties at the number[s] indicated above on this date.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed: **August 12, 2021** at Weaverville, California.

Andrew Fischer

# EXHIBIT "2"

# COUNTY OF TRINITY

### CLAIM FOR DAMAGES

This claim must be filed with the Board of Supervisors within six (6) months after the accident or event. Where space is insufficient, please use additional paper and identify information by paragraph number. Please include photographs if applicable. When claim is complete, mail to:

**TRINITY COUNTY BOARD OF SUPERVISORS OFFICE**
**ATTN:  CLERK OF THE BOARD**
**Courthouse**
**P.O. Box 1613**
**Weaverville, CA  96093**

*Note: Facsimile or electronic submissions will **NOT** be accepted!*

**CLAIMANT:** Jessica Ortiz, ▮▮▮▮ , a minor, ▮▮▮ , a minor, ▮▮▮ ▮▮▮ as successors in interest to Ricardo "Ric" Ortiz, Deceased.

NAME: ▮▮▮▮ , a minor

ADDRESS: 14581 Clear Creek Knolls Drive
Redding, CA 96001

TELEPHONE: Contact through attorney:   (305) 407-7342

DATE OF BIRTH: N/A

DRIVER'S LICENSE # N/A

The undersigned respectfully submits the following claim and information:

1. Address to which claimant desires notice(s) to be sent if other than above:
   Reiner, Slaughter, Mainzer & Frankel, LLP
   PO Box 494940, Redding, CA 96049-4940    (530) 241-0290

2. Date, place, and time of occurrence or transaction which gives rise to this claim:
   DATE: December 11, 2020                          TIME: 11:59 a.m.
   PLACE: 1478 Hyampom Road, Hayfork, California 96041

3. Specify the particular act or omission *and* circumstance you believe caused injury and/or damage:  Please see "Attachment to Question 3".

4. Name or names of any employee of the County you believe caused the injury, damage, or loss:
   Deputy Benjamin Spencer and other currently unidentified employees or agents of Trinity County.

5.  Description of property damaged:

6.  Owner of property damaged: _____

7.  Location of property damaged: _____

8.  Description of personal injury (if there was no personal injury state "NONE"):

    Decedent Ricardo Ortiz was killed after being abandoned by a TCSO deputy who has responded to Decedent's request for a civil standby and who Decedent reasonably understood had promised to provide him protection. Each Claimant suffered damages related to the death of Ricardo Ortiz including the loss of love, comfort, care, society, affection and moral support. Claimants were all also financially dependent upon Decedent.

9.  Name of any other person injured: _____

    Address of injured person: _____

10. Name and addresses of witnesses, doctors, hospitals, etc.:

    | | NAME | ADDRESS | TELEPHONE |
    |---|---|---|---|
    | (1) | Juana Marino | address and phone number as stated in TSCO report No. 20-01493 | |
    | (2) | Rodolfo Marino | address and phone number as stated in TSCO report No. 20-01493 | |
    | (3) | Willie A. Vincente | address and phone number as stated in TSCO report No. 20-01493 | |

    Please see attachment 10 for additional witness names

11. Amount of reimbursement claimed as damages with computation and supporting bills, receipts, or estimates of cost:
    **(Please attach supporting documents to this form)**

    Claimants suffered wrongful death damages associated with the death of Decedent, Ricardo Ortiz.

12. Any additional information that might be helpful in considering claim:

**WARNING! IT IS A CRIMINAL OFFENSE TO FILE A FALSE CLAIM!**
(Penal Code 72: Insurance Code 556)

I have read the matters and statements made in the above claim and I know the same to be true of my own knowledge, except as to those matters stated upon information or belief and as to such matters I believe the same to be true. I certify under penalty of perjury that the forgoing is true and correct.

SIGNED THIS __7th__ DAY OF __June__ 20 _21_ TIME __10:00 a.m.__

_Benjamin Mainzer_

CLAIMANT'S SIGNATURE
Benjamin H. Mainzer, Esq.
Attorney for [                    ], a
minor, as Successor in Interest to
Ricardo "Ric" Ortiz, Deceased

Clear Form

**Attachment to Question 3**

This claim arises out of an incident that occurred on December 11, 2020, wherein Ricardo "Ric" Ortiz (Ortiz) was shot and killed by Joseph Nieves (Nieves). This homicide occurred at 1478 Hyampom Road in Hayfork, California.

At the time of the homicide, Ortiz was at the property located at the Hyampom Road property. He had requested a civil standby to facilitate a property dispute between himself and Nieves. In the days preceding the homicide of December 11, 2020, deputies of the Trinity County Sheriff's Office (TCSO) had been dispatched to respond to disturbances at the Hyampom Road property between Ortiz and Nieves. The TCSO therefore had actual knowledge of past conflict between Ortiz and Nieves and reason to suspect that any future interactions between Ortiz and Nieves could potentially become violent.

On December 11, 2020, Ortiz called the TCSO to request a civil standby to make sure that he was safe the Hyampom Road property when he went there to retrieve belongings.

On December 11, 2020, a TCSO deputy, believed to be Benjamin Spencer, was dispatched to the Hyampom Road property in response to Ortiz's request for a civil standby. Deputy Spencer met Ortiz and Nieves at the gate of the Hyampom Road property. In order to prevent any conflict, Spencer told Ortiz to go the residence and told Nieves to stay at the gate. Ortiz then left for the residence, understanding that Nieves would be kept at the gate by Deputy Spencer. For unknown reasons, instead of staying to make sure that Nieves remained at the gate and stay away from Ortiz, Deputy Spencer left. Thereafter, Nieves then left the gate, went to the residence, contacted Ortiz, and shot him. Ortiz died from his wounds.

This claim is being presented pursuant to *Monell v. Dept. of Soc. Servs. of City of New York,* 436 U.S. 658, 690 (1978) for the County's failure to hire, train, and supervise its Sheriff's deputies. Furthermore, Ortiz relied on the affirmative representation of Deputy Spenser that Nieves would be held at the gate as part of the civil standby so he (Ortiz) could safely go to the residence. By leaving the scene after representing to Oritz that he would be present to keep Nieves at the gate, Deputy Spencer acted with deliberate indifference and caused Ortiz to face a danger he would not otherwise have faced.

**Attachment to Question 10**

Additional witnesses:

Deputy Benjamin Spencer
Isiah L. Echeandia (address and phone number as stated in TSCO report No. 20-01493)
Dayan H. Arias (address and phone number as stated in TSCO report No. 20-01493)
Gabriel Hernandez (address and phone number as stated in TSCO report No. 20-01493)
Larry Echeandia (address and phone number as stated in TSCO report No. 20-01493)
Adriana Marino (address and phone number as stated in TSCO report No. 20-01493)
Edwin D. Pousa (address and phone number as stated in TSCO report No. 20-01493)
Jessica Ortiz (through counsel)
Rachel Wood (address and phone number as stated in TSCO report No. 20-01493)
Scott Watkins (address and phone number as stated in TSCO report No. 20-01493)
Ronald Jurin (address and phone number as stated in TSCO report No. 20-01493)
Thomas Rawlings (address and phone number as stated in TSCO report No. 20-01493)

**Re:**    <u>Ortiz v. County of Trinity, et al.</u>

## PROOF OF SERVICE

     I am citizen of the United States and employed in Shasta County, California.  I am over the age of eighteen and not a party to the within action;  and, on this date, I served:

**CLAIM FOR DAMAGES**
**(███████████████, a minor, as successor in interest to Ricardo "Ric" Ortiz,**
**Deceased)**

  <u>X</u>      By United States Mail – Certified – Return Receipt Requested to the person/entity at the address set forth below:

Trinity County Board of Supervisors Office
Attn: Clerk of the Board
Courthouse
PO Box 1613
Weaverville, CA 96093

  _____      By transmitting a true copy thereof by facsimile machine to the telefacsimile number shown following the name of each such party below:

  _____      After confirmation of the facsimile, a true and correct copy was sent by United States Post Office regular delivery to the person/address set forth below:

     I declare under penalty of perjury according to the laws of the State of California that the foregoing is true and correct. Executed June 7th, 2021, at Redding, California.

_____
**LINDA J. SCOUBES**

FIRST-CLASS

US POST
$ 007.50

MAILED FROM ZIP CODE

CERTIFIED MAIL

Label 890-PB, Oct. 2015
Pitney Bowes

USPS/ITEMTRACK

9489 0090 0027 6093 1736 96

FROM

LAW OFFICES OF
Reiner, Slaughter, Mainzer & Frankel
2851 Park Marina Drive, Suite 200
Redding, CA 96001

TO

TRINITY COUNTY BOARD OF SUPERVISORS OFFICE
ATTN: CLERK OF THE BOARD
COURTHOUSE
PO BOX 1613
WEAVERVILLE CA 96093

CERTIFIED MAIL — RETURN RECEIPT REQUESTED


**UNITED STATES**
**POSTAL SERVICE**

July 10, 2021

Dear Linda Scoubes:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9489 0090 0027 6093 1736 96**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered |
| **Status Date / Time:** | June 10, 2021, 10:27 am |
| **Location:** | WEAVERVILLE, CA 96093 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

## Shipment Details

| | |
|---|---|
| **Weight:** | 7.8oz |

## Recipient Signature

| | |
|---|---|
| Signature of Recipient: | *Mary Rist* / Mary Rist |
| | PO BOX 1613 |
| Address of Recipient: | WEAVERVILLE, CA 96093-1613 |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

# CLAIM RECEIVED

COPY

**RECEIVED**
Via certified mail
JUN 1 0 2021

# COUNTY OF TRINITY

Trinity County
Board of Supervisors
By: MKE

## CLAIM FOR DAMAGES

This claim must be filed with the Board of Supervisors within six (6) months after the accident or event.
Where space is insufficient, please use additional paper and identify information by paragraph number.
Please include photographs if applicable.
When claim is complete, mail to:

☐ DIARY
☐ FILE
☐ CALENDARED
☐ ..........................................

JUN 1 7 2021

REINER, SLAUGHTER, MAINZER & FRANKEL
LAW OFFICES

**TRINITY COUNTY BOARD OF SUPERVISORS OFFICE**
**ATTN:  CLERK OF THE BOARD**
**Courthouse**
**P.O. Box 1613**
**Weaverville, CA  96093**

*Note: Facsimile or electronic submissions will **NOT** be accepted!*

**CLAIMANT:** Jessica Ortiz, ▮▮▮▮▮▮▮, a minor, ▮▮▮▮ a minor, ▮▮▮▮
as successors in interest to Ricardo "Ric" Ortiz, Deceased.

NAME: ▮▮▮▮▮▮▮▮ a minor

ADDRESS: 14581 Clear Creek Knolls Drive
Redding, CA 96001

TELEPHONE: Contact through attorney:  (305) 407-7342

DATE OF BIRTH: N/A

DRIVER'S LICENSE # N/A

The undersigned respectfully submits the following claim and information:

1. Address to which claimant desires notice(s) to be sent if other than above:
   Reiner, Slaughter, Mainzer & Frankel, LLP
   PO Box 494940, Redding, CA 96049-4940    (530) 241-0290

2. Date, place, and time of occurrence or transaction which gives rise to this claim:
   DATE: December 11, 2020                    TIME: 11:59 a.m.
   PLACE: 1478 Hyampom Road, Hayfork, California 96041

3. Specify the particular act or omission *and* circumstance you believe caused injury and/or
   damage:  Please see "Attachment to Question 3".

4. Name or names of any employee of the County you believe caused the injury, damage, or loss:

   Deputy Benjamin Spencer and other currently unidentified employees or agents of Trinity County.

5. Description of property damaged:

6. Owner of property damaged: _____

7. Location of property damaged: _____

8. Description of personal injury (if there was no personal injury state "NONE"):

Decedent Ricardo Ortiz was killed after being abandoned by a TCSO deputy who has responded to Decedent's request for a civil standby and who Decedent reasonably understood had promised to provide him protection. Each Claimant suffered damages related to the death of Ricardo Ortiz including the loss of love, comfort, care, society, affection and moral support. Claimants were all also financially dependent upon Decedent.

9. Name of any other person injured: _____

Address of injured person: _____

10. Name and addresses of witnesses, doctors, hospitals, etc.:

| | NAME | ADDRESS | TELEPHONE |
|---|---|---|---|
| (1) | Juana Marino | address and phone number as stated in TSCO report No. 20-01493 | |
| (2) | Rodolfo Marino | address and phone number as stated in TSCO report No. 20-01493 | |
| (3) | Willie A. Vincente | address and phone number as stated in TSCO report No. 20-01493 | |

Please see attachment 10 for additional witness names

11. Amount of reimbursement claimed as damages with computation and supporting bills, receipts, or estimates of cost:

(Please attach supporting documents to this form)

Claimants suffered wrongful death damages associated with the death of Decedent, Ricardo Ortiz.

12. Any additional information that might be helpful in considering claim:

**WARNING! IT IS A CRIMINAL OFFENSE TO FILE A FALSE CLAIM!**
(Penal Code 72: Insurance Code 556)

I have read the matters and statements made in the above claim and I know the same to be true of my own knowledge, except as to those matters stated upon information or belief and as to such matters I believe the same to be true. I certify under penalty of perjury that the forgoing is true and correct.

SIGNED THIS ___7th___ DAY OF ___June___ 20 _21_ TIME ___10:00 a.m.___

**CLAIMANT'S SIGNATURE**
Benjamin H. Mainzer, Esq.
Attorney for ▆▆▆▆▆▆▆▆▆ a
minor, as Successor in Interest to
Ricardo "Ric" Ortiz, Deceased

Clear Form

**Attachment to Question 3**

This claim arises out of an incident that occurred on December 11, 2020, wherein Ricardo "Ric" Ortiz (Ortiz) was shot and killed by Joseph Nieves (Nieves). This homicide occurred at 1478 Hyampom Road in Hayfork, California.

At the time of the homicide, Ortiz was at the property located at the Hyampom Road property. He had requested a civil standby to facilitate a property dispute between himself and Nieves. In the days preceding the homicide of December 11, 2020, deputies of the Trinity County Sheriff's Office (TCSO) had been dispatched to respond to disturbances at the Hyampom Road property between Ortiz and Nieves. The TCSO therefore had actual knowledge of past conflict between Ortiz and Nieves and reason to suspect that any future interactions between Ortiz and Nieves could potentially become violent.

On December 11, 2020, Ortiz called the TCSO to request a civil standby to make sure that he was safe the Hyampom Road property when he went there to retrieve belongings.

On December 11, 2020, a TCSO deputy, believed to be Benjamin Spencer, was dispatched to the Hyampom Road property in response to Ortiz's request for a civil standby. Deputy Spencer met Ortiz and Nieves at the gate of the Hyampom Road property. In order to prevent any conflict, Spencer told Ortiz to go the residence and told Nieves to stay at the gate. Ortiz then left for the residence, understanding that Nieves would be kept at the gate by Deputy Spencer. For unknown reasons, instead of staying to make sure that Nieves remained at the gate and stay away from Ortiz, Deputy Spencer left. Thereafter, Nieves then left the gate, went to the residence, contacted Ortiz, and shot him. Ortiz died from his wounds.

This claim is being presented pursuant to *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978) for the County's failure to hire, train, and supervise its Sheriff's deputies. Furthermore, Ortiz relied on the affirmative representation of Deputy Spenser that Nieves would be held at the gate as part of the civil standby so he (Ortiz) could safely go to the residence. By leaving the scene after representing to Oritz that he would be present to keep Nieves at the gate, Deputy Spencer acted with deliberate indifference and caused Ortiz to face a danger he would not otherwise have faced.

**Attachment to Question 10**

Additional witnesses:

Deputy Benjamin Spencer
Isiah L. Echeandia (address and phone number as stated in TSCO report No. 20-01493)
Dayan H. Arias (address and phone number as stated in TSCO report No. 20-01493)
Gabriel Hernandez (address and phone number as stated in TSCO report No. 20-01493)
Larry Echeandia (address and phone number as stated in TSCO report No. 20-01493)
Adriana Marino (address and phone number as stated in TSCO report No. 20-01493)
Edwin D. Pousa (address and phone number as stated in TSCO report No. 20-01493)
Jessica Ortiz (through counsel)
Rachel Wood (address and phone number as stated in TSCO report No. 20-01493)
Scott Watkins (address and phone number as stated in TSCO report No. 20-01493)
Ronald Jurin (address and phone number as stated in TSCO report No. 20-01493)
Thomas Rawlings (address and phone number as stated in TSCO report No. 20-01493)

1    **Re:     Ortiz v. County of Trinity, et al.**

2

3                              **PROOF OF SERVICE**

4            I am citizen of the United States and employed in Shasta County, California.  I am

5    over the age of eighteen and not a party to the within action;  and, on this date, I served:

6                              **CLAIM FOR DAMAGES**
     (███████████████, **a minor, as successor in interest to Ricardo "Ric" Ortiz,**

7                                    **Deceased)**

8        __X____        By United States Mail – Certified – Return Receipt Requested to the
                        person/entity at the address set forth below:

9

     Trinity County Board of Supervisors Office
10   Attn:  Clerk of the Board
     Courthouse
11   PO Box 1613
     Weaverville, CA 96093
12

13

                         By transmitting a true copy thereof by facsimile machine to the telefacsimile
14                       number shown following the name of each such party below:

15                       After confirmation of the facsimile, a true and correct copy was sent by

16                       United States Post Office regular delivery to the person/address set forth
                         below:

17

18           I declare under penalty of perjury according to the laws of the State of California that

19   the foregoing is true and correct.  Executed June 7th, 2021, at Redding, California.

20

21                                    _____

                                          **LINDA J. SCOUBES**
22

23

24

25

26

27

28

     _____
     **PROOF OF SERVICE VIA UNITED STATES MAIL – CERTIFIED – RETURN RECEIPT REQUESTED**

**CLAIM REJECTED**

# Trindel

## Insurance Fund

ALPINE-COLUSA-DEL NORTE-LASSEN-MODOC-MONO-PLUMAS-SAN BENITO-SIERRA-SUTTER-TRINITY

A JOINT POWERS AUTHORITY ESTABLISHED IN 1980

www.trindel.org

☐ DIARY ...........................................

☐ FILE

☐ CALENDARED

☐ ...........................................

To: Reiner, Slaughter, Mainzer & Frankel, LLP
PO Box 494940
Redding, CA 96049-4940

AUG 1 6 2021

REINER, SLAUGHTER, MAINZER & FRANKEL
LAW OFFICES

## NOTICE OF REJECTED CLAIM (Gov. Code 913)

RE: ████████████████ (a minor) v. The County of Trinity
Claim No.: TRI21-0004
DOL: 12/11/2020
Presented on: 6/7/2021

Dear Gentleperson's:

**NOTICE IS HEREBY GIVEN** that the claim which you presented to the County of Trinity on June 7, 2021 was rejected by the County on August 12, 2021.

### WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice is personally delivered or deposited in the mail to file a court action on your state law claims. See Government Code Section 945.6. This notice does not apply to any claim you may have under federal law, and your time for filing an action on any federal law claim may be less than six months.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Please be advised that pursuant to Sections 128.7 and 1038 of the California Code of Civil Procedure, the County of Trinity will seek to recover all costs of defense in the event an action is filed in this matter and it is determined that action was not brought in good faith and with reasonable cause.

DATED: August 12, 2021

Andrew W.B. Fischer, ARM-P
Trindel Insurance Fund
Claims Administrator for
**COUNTY OF TRINITY**

File No.        TRI21-0004

cc:        Trinity County (EMAIL)

Trindel Insurance Fund is an authorized agent for the County of Trinity

## PROOF OF SERVICE - C.C.P, Section 1013A, 2015.5

I, **Andrew Fischer**, declare that:

1.   I am employed in the County of Trinity, California; I am over the age of eighteen years and not a party to the within cause; and my business address is **PO Box 2069 Weaverville, CA 96093**

2.   I am readily familiar with the practice of Trindel Insurance Fund in the processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

3.   On August 12, 2021, I served the following document(s)

   **Notice of Rejected Claim** for the claim of ▮▮▮▮▮▮▮▮▮▮ (a minor)

   In said cause, on the following interested parties:

      Reiner, Slaughter, Mainzer & Frankel, LLP
      PO Box 494940
      Redding, CA 96049-4940

   4.   Said service was performed in the following manner:

X   **BY U.S. POSTAL SERVICE (Mail):** I placed each such document in a sealed envelope addressed as noted above, with first-class mail postage thereon fully prepaid, for collection and mailing at Weaverville, California, following the above-stated business practice, on this date.

   **BY PERSONAL SERVICE:** I hand-delivered each such envelope to the address[es] listed on this date.

   **BY COURIER/MESSENGER SERVICE (Hand Delivery):** I caused each such envelope to be delivered by hand to the address[es] listed above on this date.

   **BY FACSIMILE:** I caused said document[s] to be transmitted by facsimile machine to the parties at the number[s] indicated above on this date.

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Executed: **August 12, 2021** at Weaverville, California.

                    Andrew Fischer

# EXHIBIT "3"

## COUNTY OF TRINITY

### CLAIM FOR DAMAGES

This claim must be filed with the Board of Supervisors within six (6) months after the accident or event.
Where space is insufficient, please use additional paper and identify information by paragraph number.
Please include photographs if applicable.
When claim is complete, mail to:

**TRINITY COUNTY BOARD OF SUPERVISORS OFFICE**
**ATTN:  CLERK OF THE BOARD**
**Courthouse**
**P.O. Box 1613**
**Weaverville, CA  96093**

*Note: Facsimile or electronic submissions will **NOT** be accepted!*

**CLAIMANT:** Jessica Ortiz, ▓▓▓▓▓▓▓▓▓▓▓, a minor▓▓ a minor, ▓▓▓▓▓▓▓
▓▓▓▓ as successors in interest to Ricardo "Ric" Ortiz, Deceased.

**NAME:** ▓▓▓▓▓▓ , a minor

**ADDRESS:** 14581 Clear Creek Knolls Drive
Redding, CA 96001

**TELEPHONE:** Contact through attorney:  (305) 407-7342

**DATE OF BIRTH:** N/A

**DRIVER'S LICENSE #** N/A

The undersigned respectfully submits the following claim and information:

1. **Address to which claimant desires notice(s) to be sent if other than above:**
   Reiner, Slaughter, Mainzer & Frankel, LLP
   PO Box 494940, Redding, CA 96049-4940    (530) 241-0290

2. **Date, place, and time of occurrence or transaction which gives rise to this claim:**
   **DATE:** December 11, 2020    **TIME:** 11:59 a.m.

   **PLACE:** 1478 Hyampom Road, Hayfork, California 96041

3. **Specify the particular act or omission *and* circumstance you believe caused injury and/or damage:** Please see "Attachment to Question 3".

4. **Name or names of any employee of the County you believe caused the injury, damage, or loss:**
   Deputy Benjamin Spencer and other currently unidentified employees or agents of Trinity County.

5.  Description of property damaged:

6.  Owner of property damaged: _____

7.  Location of property damaged: _____

8.  Description of personal injury (if there was no personal injury state "NONE"):

    Decedent Ricardo Ortiz was killed after being abandoned by a TCSO deputy who has responded to Decedent's request for a civil standby and who Decedent reasonably understood had promised to provide him protection. Each Claimant suffered damages related to the death of Ricardo Ortiz including the loss of love, comfort, care, society, affection and moral support. Claimants were all also financially dependent upon Decedent.

9.  Name of any other person injured: _____

    Address of injured person: _____

10. Name and addresses of witnesses, doctors, hospitals, etc.:

    | | NAME | ADDRESS | TELEPHONE |
    |---|---|---|---|
    | (1) | Juana Marino | address and phone number as stated in TSCO report No. 20-01493 | |
    | (2) | Rodolfo Marino | address and phone number as stated in TSCO report No. 20-01493 | |
    | (3) | Willie A. Vincente | address and phone number as stated in TSCO report No. 20-01493 | |

    Please see attachment 10 for additional witness names

11. Amount of reimbursement claimed as damages with computation and supporting bills, receipts, or estimates of cost:
    **(Please attach supporting documents to this form)**

    Claimants suffered wrongful death damages associated with the death of Decedent, Ricardo Ortiz.

12. Any additional information that might be helpful in considering claim:

**WARNING! IT IS A CRIMINAL OFFENSE TO FILE A FALSE CLAIM!**
(Penal Code 72: Insurance Code 556)

I have read the matters and statements made in the above claim and I know the same to be true of my own knowledge, except as to those matters stated upon information or belief and as to such matters I believe the same to be true. I certify under penalty of perjury that the forgoing is true and correct.

SIGNED THIS ___7th___ DAY OF ___June___ 20 _21_ TIME ___10:00 a.m.___

CLAIMANT'S SIGNATURE
Benjamin H. Mainzer, Esq.
Attorney for Lilly Ortiz, a minor, as
Successor in Interest to Ricardo "Ric"
Ortiz, Deceased

Clear Form

**Attachment to Question 3**

This claim arises out of an incident that occurred on December 11, 2020, wherein Ricardo "Ric" Ortiz (Ortiz) was shot and killed by Joseph Nieves (Nieves). This homicide occurred at 1478 Hyampom Road in Hayfork, California.

At the time of the homicide, Ortiz was at the property located at the Hyampom Road property. He had requested a civil standby to facilitate a property dispute between himself and Nieves. In the days preceding the homicide of December 11, 2020, deputies of the Trinity County Sheriff's Office (TCSO) had been dispatched to respond to disturbances at the Hyampom Road property between Ortiz and Nieves. The TCSO therefore had actual knowledge of past conflict between Ortiz and Nieves and reason to suspect that any future interactions between Ortiz and Nieves could potentially become violent.

On December 11, 2020, Ortiz called the TCSO to request a civil standby to make sure that he was safe the Hyampom Road property when he went there to retrieve belongings.

On December 11, 2020, a TCSO deputy, believed to be Benjamin Spencer, was dispatched to the Hyampom Road property in response to Ortiz's request for a civil standby. Deputy Spencer met Ortiz and Nieves at the gate of the Hyampom Road property. In order to prevent any conflict, Spencer told Ortiz to go the residence and told Nieves to stay at the gate. Ortiz then left for the residence, understanding that Nieves would be kept at the gate by Deputy Spencer. For unknown reasons, instead of staying to make sure that Nieves remained at the gate and stay away from Ortiz, Deputy Spencer left. Thereafter, Nieves then left the gate, went to the residence, contacted Ortiz, and shot him. Ortiz died from his wounds.

This claim is being presented pursuant to *Monell v. Dept. of Soc. Servs. of City of New York,* 436 U.S. 658, 690 (1978) for the County's failure to hire, train, and supervise its Sheriff's deputies. Furthermore, Ortiz relied on the affirmative representation of Deputy Spenser that Nieves would be held at the gate as part of the civil standby so he (Ortiz) could safely go to the residence. By leaving the scene after representing to Oritz that he would be present to keep Nieves at the gate, Deputy Spencer acted with deliberate indifference and caused Ortiz to face a danger he would not otherwise have faced.

**Attachment to Question 10**

Additional witnesses:

Deputy Benjamin Spencer
Isiah L. Echeandia (address and phone number as stated in TSCO report No. 20-01493)
Dayan H. Arias (address and phone number as stated in TSCO report No. 20-01493)
Gabriel Hernandez (address and phone number as stated in TSCO report No. 20-01493)
Larry Echeandia (address and phone number as stated in TSCO report No. 20-01493)
Adriana Marino (address and phone number as stated in TSCO report No. 20-01493)
Edwin D. Pousa (address and phone number as stated in TSCO report No. 20-01493)
Jessica Ortiz (through counsel)
Rachel Wood (address and phone number as stated in TSCO report No. 20-01493)
Scott Watkins (address and phone number as stated in TSCO report No. 20-01493)
Ronald Jurin (address and phone number as stated in TSCO report No. 20-01493)
Thomas Rawlings (address and phone number as stated in TSCO report No. 20-01493)

Re: **Ortiz v. County of Trinity, et al.**

## PROOF OF SERVICE

      I am citizen of the United States and employed in Shasta County, California. I am over the age of eighteen and not a party to the within action; and, on this date, I served:

**CLAIM FOR DAMAGES**
**(          , a minor, as successor in interest to Ricardo "Ric" Ortiz, Deceased)**

  X      By United States Mail – Certified – Return Receipt Requested to the person/entity at the address set forth below:

Trinity County Board of Supervisors Office
Attn: Clerk of the Board
Courthouse
PO Box 1613
Weaverville, CA 96093

_____      By transmitting a true copy thereof by facsimile machine to the telefacsimile number shown following the name of each such party below:

_____      After confirmation of the facsimile, a true and correct copy was sent by United States Post Office regular delivery to the person/address set forth below:

      I declare under penalty of perjury according to the laws of the State of California that the foregoing is true and correct. Executed June 7th, 2021, at Redding, California.

**LINDA J. SCOUBES**

FIRST-CLASS

US POST
$ 007.50

12 1P
10:12:33391
MAILED FROM ZIP CODE

Label 890-PB, Oct. 2015
Pitney Bowes

CERTIFIED MAIL

9489 0090 0027 6093 1736 96

FROM

LAW OFFICES OF
Reiner, Slaughter, Mainzer & Frankel
2851 Park Marina Drive, Suite 200
Redding, CA 96001

TO   TRINITY COUNTY BOARD OF SUPERVISORS OFFICE
ATTN: CLERK OF THE BOARD
COURTHOUSE
PO BOX 1613
WEAVERVILLE CA 96093

CERTIFIED MAIL – RETURN RECEIPT REQUESTED


UNITED STATES
POSTAL SERVICE

July 10, 2021

Dear Linda Scoubes:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9489 0090 0027 6093 1736 96**.

| Item Details | |
| --- | --- |
| **Status:** | Delivered |
| **Status Date / Time:** | June 10, 2021, 10:27 am |
| **Location:** | WEAVERVILLE, CA 96093 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

| Shipment Details | |
| --- | --- |
| **Weight:** | 7.8oz |

| Recipient Signature | |
| --- | --- |
| Signature of Recipient: | Mary Rist<br>Mary Rist<br>PO BOX 1613 |
| Address of Recipient: | WEAVERVILLE, CA 96093-1613 |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional
assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

# CLAIM RECEIVED

COPY

RECEIVED
Via certified mail
JUN 1 0 2021

## COUNTY OF TRINITY

### CLAIM FOR DAMAGES

Trinity County
Board of Supervisors
By: _MKP_

☐ DIARY ...........................................
☐ FILE
☐ CALENDARED
☐ ...........................................

JUN 17 2021

REINER, SLAUGHTER, MAINZER & FRANKEL
LAW OFFICES

This claim must be filed with the Board of Supervisors within six (6) months after the accident or event.
Where space is insufficient, please use additional paper and identify information by paragraph number.
Please include photographs if applicable.
When claim is complete, mail to:

**TRINITY COUNTY BOARD OF SUPERVISORS OFFICE**
**ATTN:  CLERK OF THE BOARD**
**Courthouse**
**P.O. Box 1613**
**Weaverville, CA  96093**

*Note: Facsimile or electronic submissions will **NOT** be accepted!*

**CLAIMANT:** Jessica Ortiz, ▮▮▮▮ a minor, ▮▮▮▮ a minor, ▮▮▮▮ as successors in interest to Ricardo "Ric" Ortiz, Deceased.

NAME: _▮▮▮▮, a minor_

ADDRESS: _14581 Clear Creek Knolls Drive_
_Redding, CA 96001_

TELEPHONE: _Contact through attorney:   (305) 407-7342_

DATE OF BIRTH: _N/A_

DRIVER'S LICENSE # _N/A_

The undersigned respectfully submits the following claim and information:

1. Address to which claimant desires notice(s) to be sent if other than above:
   Reiner, Slaughter, Mainzer & Frankel, LLP
   PO Box 494940, Redding, CA 96049-4940    (530) 241-0290

2. Date, place, and time of occurrence or transaction which gives rise to this claim:
   DATE: _December 11, 2020_                    TIME: _11:59 a.m._
   PLACE: _1478 Hyampom Road, Hayfork, California 96041_

3. Specify the particular act or omission *and* circumstance you believe caused injury and/or
   damage:  Please see "Attachment to Question 3".

4. Name or names of any employee of the County you believe caused the injury, damage, or loss:
   Deputy Benjamin Spencer and other currently unidentified employees or agents of Trinity County.

5. Description of property damaged:

6. Owner of property damaged: _____

7. Location of property damaged: _____

8. Description of personal injury (if there was no personal injury state "NONE"):

Decedent Ricardo Ortiz was killed after being abandoned by a TCSO deputy who has responded to Decedent's request for a civil standby and who Decedent reasonably understood had promised to provide him protection. Each Claimant suffered damages related to the death of Ricardo Ortiz including the loss of love, comfort, care, society, affection and moral support. Claimants were all also financially dependent upon Decedent.

9. Name of any other person injured: _____

Address of injured person: _____

10. Name and addresses of witnesses, doctors, hospitals, etc.:

| NAME | ADDRESS | TELEPHONE |
|------|---------|-----------|
| (1) Juana Marino | address and phone number as stated in TSCO report No. 20-01493 | |
| (2) Rodolfo Marino | address and phone number as stated in TSCO report No. 20-01493 | |
| (3) Willie A. Vincente | address and phone number as stated in TSCO report No. 20-01493 | |

Please see attachment 10 for additional witness names

11. Amount of reimbursement claimed as damages with computation and supporting bills, receipts, or estimates of cost:

(Please attach supporting documents to this form)

Claimants suffered wrongful death damages associated with the death of Decedent, Ricardo Ortiz.

12. Any additional information that might be helpful in considering claim:

**WARNING! IT IS A CRIMINAL OFFENSE TO FILE A FALSE CLAIM!**
(Penal Code 72: Insurance Code 556)

I have read the matters and statements made in the above claim and I know the same to be true of my own knowledge, except as to those matters stated upon information or belief and as to such matters I believe the same to be true. I certify under penalty of perjury that the forgoing is true and correct.

SIGNED THIS __7th__ DAY OF __June__ 20 __21__ TIME __10:00 a.m.__

_____
**CLAIMANT'S SIGNATURE**
Benjamin H. Mainzer, Esq.
Attorney for Lilly Ortiz, a minor, as
Successor in Interest to Ricardo "Ric"
Ortiz, Deceased

Clean Form

**Attachment to Question 3**

This claim arises out of an incident that occurred on December 11, 2020, wherein Ricardo "Ric" Ortiz (Ortiz) was shot and killed by Joseph Nieves (Nieves). This homicide occurred at 1478 Hyampom Road in Hayfork, California.

At the time of the homicide, Ortiz was at the property located at the Hyampom Road property. He had requested a civil standby to facilitate a property dispute between himself and Nieves. In the days preceding the homicide of December 11, 2020, deputies of the Trinity County Sheriff's Office (TCSO) had been dispatched to respond to disturbances at the Hyampom Road property between Ortiz and Nieves. The TCSO therefore had actual knowledge of past conflict between Ortiz and Nieves and reason to suspect that any future interactions between Ortiz and Nieves could potentially become violent.

On December 11, 2020, Ortiz called the TCSO to request a civil standby to make sure that he was safe the Hyampom Road property when he went there to retrieve belongings.

On December 11, 2020, a TCSO deputy, believed to be Benjamin Spencer, was dispatched to the Hyampom Road property in response to Ortiz's request for a civil standby. Deputy Spencer met Ortiz and Nieves at the gate of the Hyampom Road property. In order to prevent any conflict, Spencer told Ortiz to go the residence and told Nieves to stay at the gate. Ortiz then left for the residence, understanding that Nieves would be kept at the gate by Deputy Spencer. For unknown reasons, instead of staying to make sure that Nieves remained at the gate and stay away from Ortiz, Deputy Spencer left. Thereafter, Nieves then left the gate, went to the residence, contacted Ortiz, and shot him. Ortiz died from his wounds.

This claim is being presented pursuant to *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978) for the County's failure to hire, train, and supervise its Sheriff's deputies. Furthermore, Ortiz relied on the affirmative representation of Deputy Spenser that Nieves would be held at the gate as part of the civil standby so he (Ortiz) could safely go to the residence. By leaving the scene after representing to Oritz that he would be present to keep Nieves at the gate, Deputy Spencer acted with deliberate indifference and caused Ortiz to face a danger he would not otherwise have faced.

**Attachment to Question 10**

Additional witnesses:

Deputy Benjamin Spencer
Isiah L. Echeandia (address and phone number as stated in TSCO report No. 20-01493)
Dayan H. Arias (address and phone number as stated in TSCO report No. 20-01493)
Gabriel Hernandez (address and phone number as stated in TSCO report No. 20-01493)
Larry Echeandia (address and phone number as stated in TSCO report No. 20-01493)
Adriana Marino (address and phone number as stated in TSCO report No. 20-01493)
Edwin D. Pousa (address and phone number as stated in TSCO report No. 20-01493)
Jessica Ortiz (through counsel)
Rachel Wood (address and phone number as stated in TSCO report No. 20-01493)
Scott Watkins (address and phone number as stated in TSCO report No. 20-01493)
Ronald Jurin (address and phone number as stated in TSCO report No. 20-01493)
Thomas Rawlings (address and phone number as stated in TSCO report No. 20-01493)

1    Re:    __Ortiz v. County of Trinity, et al.__

2

3                          **PROOF OF SERVICE**

4              I am citizen of the United States and employed in Shasta County, California.  I am

5    over the age of eighteen and not a party to the within action;  and, on this date, I served:

6                          **CLAIM FOR DAMAGES**
     (████████    **a minor, as successor in interest to Ricardo "Ric" Ortiz, Deceased)**

7         X          By United States Mail – Certified – Return Receipt Requested to the

8                    person/entity at the address set forth below:

9    Trinity County Board of Supervisors Office
     Attn:  Clerk of the Board
10   Courthouse
     PO Box 1613
11   Weaverville, CA 96093

12

13   _____          By transmitting a true copy thereof by facsimile machine to the telefacsimile
                    number shown following the name of each such party below:
14

15   _____          After confirmation of the facsimile, a true and correct copy was sent by
                    United States Post Office regular delivery to the person/address set forth
16                   below:

17

18             I declare under penalty of perjury according to the laws of the State of California that

19   the foregoing is true and correct.  Executed June 7th, 2021, at Redding, California.

20

21                                           **LINDA J. SCOUBES**

22

23

24

25

26

27

28

_____
           **PROOF OF SERVICE VIA UNITED STATES MAIL – CERTIFIED – RETURN RECEIPT REQUESTED**

**CLAIM REJECTED**

# Trindel
## Insurance Fund

ALPINE-COLUSA-DEL NORTE-LASSEN-MODOC-MONO-PLUMAS-SAN BENITO-SIERRA-SUTTER-TRINITY

A JOINT POWERS AUTHORITY ESTABLISHED IN 1980

www.trindel.org

☐ DIARY ...........................................
☐ FILE
☐ CALENDARED
☐ ...........................................

To: Reiner, Slaughter, Mainzer & Frankel, LLP
PO Box 494940
Redding, CA 96049-4940

AUG 16 2021

REINER, SLAUGHTER, MAINZER & FRANKEL
LAW OFFICES

## NOTICE OF REJECTED CLAIM (Gov. Code 913)

RE: [                    ] (a minor) v. The County of Trinity
Claim No.: TRI21-0004
DOL: 12/11/2020
Presented on: 6/7/2021

Dear Gentleperson's:

**NOTICE IS HEREBY GIVEN** that the claim which you presented to the County of Trinity on June 7, 2021 was rejected by the County on August 12, 2021.

### WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice is personally delivered or deposited in the mail to file a court action on your state law claims. See Government Code Section 945.6. This notice does not apply to any claim you may have under federal law, and your time for filing an action on any federal law claim may be less than six months.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Please be advised that pursuant to Sections 128.7 and 1038 of the California Code of Civil Procedure, the County of Trinity will seek to recover all costs of defense in the event an action is filed in this matter and it is determined that action was not brought in good faith and with reasonable cause.

DATED: August 12, 2021

Andrew W.B. Fischer, ARM-P
Trindel Insurance Fund
Claims Administrator for
**COUNTY OF TRINITY**

File No.        TRI21-0004

cc:    Trinity County (EMAIL)

P.O. BOX 2069 • WEAVERVILLE, CA 96093 • PHONE (530) 623-2322 FAX: (530) 623-5019

Trindel Insurance Fund is an authorized agent for the County of Trinity

## PROOF OF SERVICE - C.C.P, Section 1013A, 2015.5

I, **Andrew Fischer**, declare that:

1.      I am employed in the County of Trinity, California; I am over the age of eighteen years and not a party to the within cause; and my business address is **PO Box 2069 Weaverville, CA 96093**

2.      I am readily familiar with the practice of Trindel Insurance Fund in the processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

3.      On August 12, 2021, I served the following document(s)

            **Notice of Rejected Claim** for the claim of ▓▓▓▓▓ (a minor)

In said cause, on the following interested parties:

                    Reiner, Slaughter, Mainzer & Frankel, LLP
                    PO Box 494940
                    Redding, CA 96049-4940

    4.      Said service was performed in the following manner:

X      **BY U.S. POSTAL SERVICE (Mail):** I placed each such document in a sealed envelope addressed as noted above, with first-class mail postage thereon fully prepaid, for collection and mailing at Weaverville, California, following the above-stated business practice, on this date.

**BY PERSONAL SERVICE:** I hand-delivered each such envelope to the address[es] listed on this date.

**BY COURIER/MESSENGER SERVICE (Hand Delivery):** I caused each such envelope to be delivered by hand to the address[es] listed above on this date.

**BY FACSIMILE:** I caused said document[s] to be transmitted by facsimile machine to the parties at the number[s] indicated above on this date.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed: **August 12, 2021** at Weaverville, California.

                    Andrew Fischer