UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joseph Nieves, et al.<br><br>                Plaintiffs,<br><br>   v.<br><br>County of Trinity, et al.<br><br>                Defendants. | No. 2:22-cv-00270-KJM-AC |
| Jessica Ortiz, et al.,<br><br>                Plaintiffs,<br><br>   v.<br><br>County of Trinity, et al.,<br><br>               Defendants. | No. 2:21-cv-02248-KJM-AC<br><br>ORDER |

     Defendants in the first case captioned above, *Nieves v. County of Trinity*, No.2:22-cv-00270-KJM-AC (*Nieves*), move to dismiss plaintiffs' complaint. They also move to consolidate this case with the related case of *Ortiz v. County of Trinity*, No. 2:21-cv-02248-KJM-AC (*Ortiz*) pending before this court. For the reasons below, the court **grants** defendants' motion to dismiss **with leave to amend.** The motion to consolidate is **denied without prejudice** in this case and the related *Ortiz* case.

1

I.     BACKGROUND

Joseph Nieves, through Emerald Acres Corporation, operated a commercial cannabis cultivation operation on his property in Hayfork, California. First Am. Compl. (FAC) ¶¶ 23–25, ECF No. 17.[1] On December 10, 2020, Nieves terminated Ricardo Ortiz's employment over the phone, at which point Ortiz threatened to shoot Nieves. *Id.* ¶ 37. Upon notification of Ortiz's threat, Trinity County Sheriff's Department (TCSO) dispatched Deputy Benjamin Spencer to Nieves's property. *Id.* ¶ 39. Nieves informed Spencer that Ortiz was claiming entitlement to Nieves's property and was threatening him. *Id.* ¶ 40. Spencer responded this was a "civil issue" and to call back if Ortiz returned. *Id.* ¶ 44.

Soon after, Ortiz arrived and jumped over the locked gate of Nieves's property. *Id.* ¶ 47. Spencer returned to the property and searched Ortiz who appeared agitated and aggressive. *Id.* ¶ 50. Spencer found a pocketknife on Ortiz and confiscated it. *Id.* Ortiz told Spencer that Nieves did not live on the property, but rather, he (Ortiz) has been living on the property for over a year. *Id.* ¶ 51. Spencer advised Ortiz this was a "civil issue that needed to be resolved in civil court." *Id.* ¶ 52. Spencer then advised Nieves to obtain a restraining order against Ortiz. *Id.* ¶ 58.

The next day, Ortiz told Spencer he was on his way to Nieves's property to retrieve his personal items. *Id.* ¶ 65. Spencer advised Ortiz against going to the property. *Id.* ¶ 66. When Ortiz insisted he would go, Spencer agreed to perform a civil standby while Ortiz retrieved his personal items. *Id.* ¶¶ 68–69.

Spencer arrived at Nieves's property before Ortiz. *Id.* ¶ 71. After discussing the matter with his off-duty supervisor Sergeant Cavalli, Spencer informed Nieves that Ortiz had a right to reside on the property. *Id.* ¶¶ 70–72. Nieves still refused to allow Ortiz to enter the property. *Id.* ¶¶ 72, 75. Spencer then advised Ortiz to go through the court process because Nieves was going to keep the gate locked. *Id.* ¶ 76. Spencer informed Ortiz that Nieves still had a right to be on the property as its owner, even though Nieves could not be inside the house. *Id.* ¶ 77. Ortiz still insisted he would go to the property himself and wanted Nieves off the property. *Id.*

---

[1] Unless noted otherwise, CM/ECF numbers reference the *Nieves* docket.

Upon arrival, Ortiz demanded Spencer and Nieves cut the lock on the gate. *Id.* ¶ 84. Spencer told Ortiz that "they need to handle this calmly." *Id.* Spencer then ordered Nieves to unlock the gate to allow Ortiz's entry. *Id.* ¶ 89. Spencer warned both Nieves and Ortiz they would go to jail if the conflict became physical. *Id.* ¶ 91.

Upon Ortiz's entry, Deputy Spencer left the property. *Id.* ¶ 100. Nieves then went back onto the property and confronted Ortiz. *Id.* ¶ 102. When Ortiz reached down to his waistband, Nieves fatally shot him. *Id.* ¶ 103. Nieves was arrested and charged with murder. *Id.* ¶ 108.

While Nieves was detained, TCSO and Trinity County Planning Department (TCPD) conducted an inspection of Nieves's property. *Id.* ¶ 121. Based on the inspection, TCPD revoked plaintiffs' cannabis cultivation license. *Id.* ¶¶ 128–29. A state court found the inspection to be unlawful and ordered plaintiffs' license to be re-instated. *Id.* ¶ 132. A different state court found Nieves's shooting of Ortiz was done in self-defense and released Nieves from custody. *Id.* ¶ 112.

Plaintiffs, Nieves and Emerald Acres Corporation, brought this lawsuit against the County of Trinity, TCSO, Spencer and Cavalli, alleging those defendants exposed Nieves to a risk of violence from Ortiz, in violation of plaintiffs' substantive due process rights under the Fourteenth Amendment and 42 U.S.C. § 1983. *See generally id*. Plaintiffs also allege various state law claims against those defendants, as well as additional state law claims against TCPD. *Id*. Surviving family members of Ortiz brought the separate, related lawsuit against the county and its officers for allowing Nieves to kill Ortiz. *Ortiz* Compl., ECF No. 1.

Defendants now move to dismiss plaintiffs' complaint. Mot., ECF No. 24. Plaintiffs oppose. Opp'n, ECF No. 27. Defendants have replied. Reply, ECF No. 32. Defendants also move to consolidate this case with *Ortiz*, and that motion is fully briefed. Mot. Consolidate, ECF No. 23; Opp'n Mot. Consolidate, ECF No. 26; Reply Mot. Consolidate, ECF No. 31. The court submitted both matters without oral argument. Min. Order (June 21, 2022), ECF No. 28; Min. Order (August 30, 2022), ECF No. 35.

## II.   LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a

3

"cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & County of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.* (citing *Twombly*, 550 U.S. at 555). This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

### III. ANALYSIS

#### A. First and Second Claims: § 1983 Claims against County of Trinity, TCSO, Spencer and Cavalli

Plaintiffs allege defendants, excluding TCPD, violated Nieves's Fourteenth Amendment right to substance due process, or right to liberty, by placing Nieves at a risk of violence from Ortiz. *See* FAC ¶¶ 137–38.

"[T]he general rule is that the Fourteenth Amendment does not impose a duty on government officers to protect individuals from third parties." *Morgan v. Gonzales*, 495 F.3d 1084, 1093 (9th Cir. 2007). This is because the "Constitution is a charter of negative liberties; it tells the state to let people alone; it does not [generally] require . . . the state provide services, even so elementary a service as maintaining law and order." *Bowers v. DeVito*, 686 F.2d 616, 618 (7th Cir. 1982). But there are two exceptions to this general rule. "First, a special relationship between the plaintiff and the state may give rise to a constitutional duty to protect."

*Martinez v. City of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019). "Second, the state may be constitutionally required to protect a plaintiff that it affirmatively places . . . in danger by acting with deliberate indifference to a known or obvious danger." *Id*. (internal quotations omitted). Here, plaintiffs rely solely on the second exception. *See* Opp'n at 5–11.

To state such a state-created danger claim under § 1983, plaintiffs must plead: (1) the officer's affirmative actions created or exposed them to an actual, particularized danger that plaintiffs would not otherwise have faced; (2) the injury plaintiffs suffered was foreseeable; and (3) the officers were deliberately indifferent to the known danger. *Martinez*, 943 F.3d at 1271. As a threshold matter, however, plaintiffs must allege a cognizable injury as required for a substantive due process claim. *See, e.g., Am.'s Frontline Drs. v. Wilcox*, 2022 WL 1514038, at *10 (C.D. Cal. May 5, 2022) (finding "[p]laintiffs' state-created danger claim fails at the outset" because "plaintiffs do not allege that a third party harmed them, and that Defendants failed to protect against that third party").

Here, as defendants correctly argue, plaintiffs' substantive due process claims cannot proceed because they have not pled any cognizable injury. Mot. at 8 n.3. As persuasively discussed in the Seventh Circuit decision in *Niehus v. Liberio*,

> Concerned to keep section 1983 from swallowing the whole of the states' law of public-officer torts, the courts have confined "liberty" to the core of personhood. Even bodily integrity is not protected completely; minor assaults and batteries are not actionable as deprivations of constitutional liberty . . . [M]inor interferences with peace of mind are also not actionable—nor all major ones. Though some may be, even the shock that a bystander might experience from witnessing a shooting is not, and this [is] even if the bystander is the shooting victim's wife. Major harms to reputation are not actionable either . . . .

973 F.2d 526, 533 (7th Cir. 1992) (internal citations omitted).

Here, Nieves was not physically injured as a result of his shooting of Ortiz. *See* FAC. Although Nieves allegedly was at risk of bodily harm, that alone is not enough for a substantive due process claim. *See Niehus*, 973 F.2d at 533; *see also Bailey v. City of Allentown*, 2013 WL 4079657, at *3 (E.D. Pa. Aug. 13, 2013) ("Courts have applied the state-created danger doctrine

5

in cases involving death or substantial physical injuries or assault[, but] have refused to recognize such claims where a plaintiff's injuries have been less severe.") (internal quotations omitted). The same is true for Nieves's emotional distress, lost wages and reputational harm. *Niehus*, 973 F.2d at 533; FAC ¶ 188.

Plaintiffs argue they can still bring their substantive due process claims based on Ortiz's death, which arose from the risk allegedly created by defendants, citing the Seventh Circuit decision in *Reed v. Gardner*. Opp'n at 8 (citing 986 F.2d 1122, 1224 (7th Cir. 1993)). While *Reed* is not binding upon this court, even that case makes clear the plaintiff has to be the "injured party." *See* 986 F.2d at 1127 ("Some dangers are so evident, while their victims are so random, that state actors can be held accountable *by any injured party*.") (emphasis added). As noted, for purposes of a substantive due process claim, Nieves did not suffer an "injury" and is not an "injured party." Indeed, in all the state-created danger cases cited by plaintiffs, the underlying facts are distinguishable because the private actor caused a bodily harm against the victim-plaintiff. *See* Opp'n at 6–11.

Plaintiffs do allege "Nieves was forced to incur attorneys' fees and costs for fighting the improper and unreasonable criminal charges," as well as "attorneys' fees trying to re-instate his business licenses which were revoked as a result of Nieves's arrest for the murder." FAC ¶ 166. But a government actor executed Nieves's arrest and charges; these injuries did not involve a private actor as required for a state-created danger claim. *Morgan*, 495 F.3d at 1093. To the extent plaintiffs are actually alleging false arrest, malicious prosecution or other claims under § 1983, plaintiffs may be able to amend the complaint to properly raise those claims. *See Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001) ("A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification."); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (finding claim for malicious prosecution cognizable under § 1983 when prosecution was pursued with malice and without probable cause, for the purpose of denying plaintiff of his constitutional right).

For the reasons above, the court **grants** defendants' motion to dismiss plaintiffs' § 1983 claims against the county, TCSO, Spencer and Cavalli, **with leave to amend**, if amendment is possible within the confines of Federal Rule of Civil Procedure 11.[2] Because plaintiffs have not pled any cognizable injury, the court need not consider other elements of a state-created danger claim. *See Wilcox*, 2022 WL 1514038, at *10.

### B.  Remaining State Law Claims

Plaintiffs' remaining thirteen claims arise under state law. The court declines to exercise supplemental jurisdiction over these state law claims at this juncture. *See United Mine Works of Am. v. Gibbs*, 383 U.S. 715, 726 (1996) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."); *see also* 28 U.S.C. § 1367(c)(3). If plaintiffs amend their complaint to assert claims over which this court has jurisdiction, they may again seek to invoke this court's supplemental jurisdiction over any related state law claims.

### C.  Motion to Consolidate

Having considered the complaints in both *Nieves* and *Ortiz*, as well as defendants' motion to dismiss in *Nieves*, the court does not find consolidation to be prudent at this juncture, as the pleadings in both actions remain unsettled. *Cf. Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 855–56 (9th Cir. 2016) (noting court has broad discretion and "may," but is not required to, consolidate actions if they involve common question of law or fact under Rule 42(a)). The court thus **denies** defendants' motion to consolidate **without prejudice.**

## IV.  CONCLUSION

For the reasons above, the court **grants** defendants' motion to dismiss (ECF No. 24) with **leave to amend.** Plaintiffs shall file any amended complaint within **30 days** of this order.

The court **denies** defendants' motion to consolidate (ECF No. 23) **without prejudice**. Accordingly, defendants' motion to consolidate (ECF No. 23) in the related case, *Ortiz v. County*

---

[2] Defendants argue TCSO lacks capacity to be sued under § 1983, citing California district court decisions. *See* Mot. at 1 n.1. That argument is unpersuasive. A California sheriff's department may be subject to liability under § 1983. *Streit v. County of Los Angeles*, 236 F.3d 552, 555–56 (9th Cir. 2001).

*of Trinity*, No. 2:21-cv-02248-KJM-AC, is **denied without prejudice**. The court will address defendants' motion to dismiss in *Ortiz* (ECF No. 34) in a separate order.

This order resolves ECF Nos. 23 and 24 in Case No. 2:22-cv-00270 KJM AC, and ECF No. 23 in Case No. 2:21-cv-02248-KJM-AC.

IT IS SO ORDERED.

DATED: December 28, 2022.

CHIEF UNITED STATES DISTRICT JUDGE