UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA ORTIZ, et al., | No. 2:21-cv-02248-DJC-AC |
| Plaintiffs, | |
| v. | ORDER |
| COUNTY OF TRINITY, CALIFORNIA, et al., | |
| Defendants. | |

Plaintiffs bring the present action against Defendants County of Trinity and Deputy Ben Spencer alleging several causes of action stemming from the wrongful death of Decedent Ricardo Ortiz. Among the Plaintiffs are two of the Decedent's minor children, including Plaintiff S.S., by and through her Guardian Ad Litem Jessica Ortiz, and Plaintiff L.O., by and through her Guardian Ad Litem Jessica Ortiz. Defendants do not oppose Plaintiffs' Motion. For the reasons stated below, the Court finds the compromise and settlement are fair and reasonable and will therefore GRANT Plaintiffs' Motion.

////

////

## BACKGROUND

On December 11, 2020, Decedent was fatally shot by Joseph Nieves at 1478 Hyampom Road in Hayfork, California, shortly after Deputy Ben Spencer of the Trinity County Sheriff's Office terminated a civil standby. (Second Am. Compl. (ECF No. 30) ¶¶ 54–58, 65.) Decedent is alleged to have worked for Nieves and resided at the property until shortly before the incident, when Nieves terminated Decedent's employment and ordered him to leave. (*Id*. ¶¶ 35–40.) On December 10, 2020, both Decedent and Nieves had contacted the Trinity County Sheriff's Office reporting escalating hostility and requesting assistance. (*Id*. ¶¶ 41–44.) On the date of the shooting, Decedent contacted the Sheriff's Office and is alleged to have requested a civil standby to retrieve his belongings. (*Id*. ¶¶ 44–50.)

Plaintiffs argue that Deputy Spencer was dispatched in response to Decedent's call. (*Id*. ¶ 55.) Spencer met Decedent and Nieves at the property's gate and is alleged to have assured Decedent that a standby would be conducted. (*Id*. ¶ 56.) Plaintiffs then argue that Spencer abruptly departed the scene without informing the Decedent, thus leaving him unprotected in the face of known threats and hostility from Nieves. (*Id*. ¶ 55–64.) Minutes after Spencer's departure, Nieves shot and killed Decedent. (*Id*. ¶ 65.)

Plaintiff Jessica Ortiz, Decedent's spouse, brings claims individually and as successor in interest along with Decedent's minor children, L.O., and S.S., who assert claims for damages for wrongful death and loss of familial association. (*Id*. ¶ 121–127.) The operative complaint alleges that Deputy Spencer and the County of Trinity affirmatively created a danger that Decedent would not have faced by misrepresenting that a civil standby would be conducted but then leaving Decedent with a known threat. (*Id*. ¶¶ 76–84; 108–113.) Plaintiffs allege causes of action under 42 U.S.C. § 1983 for theories of state-created danger and substantive due process violations and related state law claims for negligence and wrongful death.

////

In March 2025, the parties participated in a full day private mediation with Michael Ornstil of JAMS. The case did not resolve at mediation, but negotiations continued, and the parties ultimately reached an agreement. The parties proceeded to jointly filed a Notice of Settlement (ECF No. 79). The Plaintiffs then filed the instant Motion for Approval of Minors' Compromise (Minors' Comp. (ECF No. 81).) Defendants County of Trinity and Deputy Ben Spencer do not oppose the Motion (ECF No. 82).

**LEGAL STANDARD**

No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise. E.D. Cal. L.R. 202(b). The Local Rules require that the motion for approval of a proposed minor's compromise disclose, among other things: (1) the age and sex of the minor, (2) the nature of the causes of action to be settled or compromised, (3) the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, (4) the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise amount, and (5) if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent. *See id.*

Further, the Ninth Circuit held in *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) that Federal Rule of Civil Procedure 17(c) imposes a "special duty" on district courts approving a minor's compromise. "[T]his special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (citations omitted). However, this "special duty" has a limited scope of review, asking only, "whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." *Id.* at 1182. "If the net recovery

3

of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as presented. . . ." *Id.* In making this determination, "courts typically consider such information as the relative worth of the settlement amount, the circumstances of the settlement, counsel's explanation of their views and experiences in litigating these types of actions, and other similar compromises that have been approved by courts." *Rivett v. United States,* No. 2:21-cv-00717-DAD-AC, 2023 WL 4238909, at *2 (E.D. Cal. June 28, 2023) (collecting cases where the procedural posture was considered, the fact that the settlement occurred at a court-supervised settlement conference was considered, and other compromise were considered). While the Ninth Circuit limited its holding in *Robidoux* to cases involving the settlement of a minor's federal claims, district courts have applied the *Robidoux* standard to cases involving the settlement of both federal and state claims. *See Sandoval v. City of Los Angeles,* No. 2:18-cv-10715-FLA-PLA, 2022 WL 22870074, at *1 (C.D. Cal. Aug. 8, 2022).

## TERMS OF SETTLEMENT

The negotiated settlement would resolve all claims brought by Plaintiffs in this matter against Defendants County of Trinity and Deputy Ben Spencer. (Minors' Comp. at 6; Decl. of Benjamin Mainzer (ECF No. 81-1) ¶ 5–6.) Under the terms of the settlement, Defendants agree to pay a total settlement amount of $3,000,000. (Decl. of Benjamin Mainzer ¶ 6.) As the guardian ad litem for S.S. and L.O.,[1] Jessica Ortiz has elected to apportion $400,000 to each minor, for a total of $800,000. (Decl. of Benjamin Mainzer ¶ 6.) Plaintiffs' counsel requests 25% of the fees, which would consist of $100,000 per minor, leaving a net settlement of $300,000 to be used to purchase structured annuities. (*Id.* ¶ 7.) The structured annuities will be funded through Metropolitan Tower Life Insurance Company, with payments guaranteed and

---

[1] Plaintiff L.O. is Decedent's biological child. (SAC ¶ 6.) Plaintiff S.S. is not Decedent's biological child but was raised by Decedent as his daughter and received his emotional and financial support. (*Id.* ¶ 7, 10–12.)

4

administered by MetLife Assignment Company, Inc. (*Id.* ¶ 8.) The annuities will pay S.S. $20,000 at age 16 and $445,282.93 at age 25 and L.O. $20,000 at age 16 and $549,047.15 at age 25. (*Id.*) These amounts are based on current rates of return and are guaranteed, non-assignable, and non-modifiable. (*Id.*)

## DISCUSSION

### I. Local Rule 202(b)

As discussed above, Plaintiffs must provide each of the disclosures required by Local Rule 202(b)(2). Here, the Motion indicates the age and sex of each minor, the nature of the causes of action settled, the facts and circumstances surrounding the causes of action, and information about the manner in which the compromise amount was reached. (Minors' Comp. at 6–8.) Thus, the Court is satisfied that the requirements in Local Rule 202(b)(2) are met.

### II. Reasonableness of Settlement

The net settlement amount for each minor is $300,000 which will be used to purchase annuities such that S.S. will receive $465,282.93 L.O. will receive $569,047.15. (Minors' Comp. at 7; Decl. of Benjamin Mainzer ¶ 7.) Plaintiffs have included cases comparing settlements and jury awards in cases involving wrongful death actions. (Minors' Comp. at 7–8.) The facts in the cases identified by Plaintiff are different from the instant case. The Court has not been able to identify cases that exactly match the circumstances here, given the unique factual situation. As such, the Court reviews wrongful death actions brought on behalf of minors related to the loss of a parent and finds that the net recovery to each minor Plaintiff here is consistent with the recovery in those cases. *See e.g., D.J.M.J v. Lincoln,* No. 2:22-cv-01167-DJC-SCR, 2025 WL 253313 (E.D. Cal. Jan. 21, 2025) (approving net settlement amount of $39,193.10 to minors in wrongful death action where plaintiffs' parent died from excessive use of police canines); *E.S. by and through Gonzalez v. City of Visalia,* No. 1:13-cv-01697-LJO-BAM, 2015 WL 6956837 (E.D. Cal. Nov. 3, 2015) (approving minor's compromise for net payment of $130,444.83 in action involving the shooting

and killing of minor's father); *Armstrong v. Dossey,* No. 1:11-cv-016320-SKO, 2013 WL 4676541 (E.D. Cal. Aug. 30, 2013) (finding fair and reasonable settlement of minors' section 1983 claims for their father's death for $22,500 and $11,000 respectively between the minors); *E.R. v. County of Stanislaus,* No. 1:14-cv-00662-DAD-SKO, 2016 WL 3354334 (E.D. Cal. June 16, 2016) (approving net settlement of $19,000 for the wrongful death of a parent while in custody); *Doe ex rel. Scott v. Gill,* Nos. C 11-4759 CW, C 11-5009 CW, C 11-5083 CW, 2012 WL 1939612 (N.D. Cal. May 29, 2012) (approving minor's compromise in the net amount of $7,188.85 in a wrongful death action involving the shooting and killing of the minor's mother by police officers); *Swayzer v. City of San Jose,* No. C 10-03119 HRL, 2011 WL 3471217 (N.D. Cal. Aug. 5, 2011) (finding a minor's compromise for net amount of $2,054.17 was appropriate in an action involving alleged wrongful death of minor's father during his arrest); *cf. Cotton ex rel. McClure v. City of Eureka,* No. C 08-4386 SBA, 2012 6052519 (N.D. Cal. Dec. 5, 2012) (approving minor's compromise for wrongful death of minor's father by police officers in the net amount of $2,646,765.90; settlement occurred during pendency of appeal, which followed jury verdict in the amount of $4,000,000 in compensatory damages awarded to minor plaintiff).

   Although the Court is not to consider settlement funds designated for any adult co-plaintiffs, the Plaintiffs nevertheless explain the rationale for their apportionment. In particular, Plaintiffs note that Jessica Ortiz intends to use a substantial portion of the settlement apportioned to her to purchase a home for herself, S.S. and L.O., and intends that it become an appreciating asset for the minors to inherit.  (Decl. of Jessica Ortiz (ECF No. 81-2) ¶ 10.)  Based on the Court's review of Plaintiffs' cases, as well as an independent review of similar cases and the facts of this case, the Court finds the settlement amounts are fair and reasonable.

   Additionally, the proposed method of distributing the settlement appears to be fair and reasonable.  Local Rule 202(e) requires money or property recovered on behalf of a minor to be "(1) disbursed to the representative pursuant to state law upon

a showing that the representative is duly qualified under state law, (2) disbursed otherwise to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor or incompetent person." E.D. Cal. L.R. 202(e). Under the settlement, each minor Plaintiff's net recovery will be placed into a structured annuity policy from which that Plaintiff will receive periodic payments upon age 16 and again at age 25.[2]  *See E.H. v. California Exposition & State Fair,* No. 2:22-cv-01844, 2023 WL 852773, at *3 (approving a minor's compromise involving a structured annuity with four periodic payments).

Lastly, the Court notes that Plaintiffs' counsel will be awarded 25% of the gross settlement to each minor, or $100,000 per minor Plaintiff. Counsel also notes that while costs on this case exceed $70,000, no costs are being deducted from the portion of the settlement to be paid to S.S. and L.O. Under *Robidoux,* this Court's focus is limited to "whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiff's counsel." 638 F.3d at 1182. Further, Plaintiffs' counsel states that he does not have any financial interest in any defendant or any other party adverse to the Plaintiffs. (Decl. of Benjamin Mainzer ¶ 12.) Counsel also represents that he did not become involved in this matter at the request of any adverse party. (*Id.*)

Based on the information provided in the motions and supporting documents and considering the totality of the facts and circumstances of this case, as well as the results achieved in comparable cases in the Ninth Circuit, the Court finds the proposed settlements fair, reasonable, and in the best interest of Plaintiffs S.S. and L.O.

---

[2] California law requires a structured settlement annuity or some similar locked-in, fixed-term investment vehicle for settlements for minors exceeding $5,000. *See* Cal. Prob. Code § 3401(c)(2); Cal. Prob. Code § 3611; *Williams v. County of Monterey,* No. 19-cv-01811-BLF, 2020 WL 7342737, at *1–2 (N.D. Cal. Dec. 14, 2020) (noting that "district courts within the Ninth Circuit commonly order that such funds be deposited into a blocked account for the minor's benefit." (collecting cases)).

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Plaintiffs' Motion for Approval of Minors' Compromise (ECF No. 81) is GRANTED;

2. The compromise and settlement of the claims of minor Plaintiffs S.S. and L.O. with the minors receiving gross settlement proceeds of $400,000 each, is HEREBY APPROVED as fair and reasonable and in the best interest of the minor Plaintiffs;

3. Payment of attorney's fees and costs shall be paid by one check or draft, payable to the Plaintiff and Plaintiffs' attorney, in the total amount of $100,000 per minor Plaintiff;

4. The net settlement funds of $465,282.93 for S.S. and $569,047.15 for L.O. shall be disbursed as specified in Exhibit 1 to Plaintiffs' Motion for Approval of Minors' Compromise (*See* ECF No. 81-1, Ex. 1).

    a. The net settlement from County of Trinity shall be paid to fund periodic payments through the purchase of Annuities from Metropolitan Tower Life Insurance Company.  The obligation for the periodic payments will be assigned to MetLife Assignment Company, Inc., ("Assignee") by way of a Qualified Assignment by County of Trinity; the payments will be guaranteed through the issuance of an Evidence of Guarantee from Metropolitan Tower Life Insurance Company assumed under the Qualified Assignment.

    b. In accordance with the structured settlement agreement, the Assignee will fund the obligation to make payments through the purchase of Annuities from Metropolitan Tower Life Insurance Company, who shall make the future periodic payments to S.S. and L.O. minors (hereinafter the Claimants

and Payees).  The future periodic payments are described in detail in the Qualified Assignment and Release Agreements shown in camera.

c. Pursuant to Florida State Statutes § 626.99296, the total cost to County of Trinity for the Periodic Payments portion of the settlement as stated in the Release, disclosure of which has been required as a condition of settlement.  No part of the sum being paid by County of Trinity, to provide future Periodic Payments as set forth herein may be paid directly to the Petitioner(s) or Payees, inasmuch as the parties negotiated for a structured settlement as being in the best interest of the Payees.

d. The Periodic Payments cannot be accelerated, deferred, increased or decreased by the Payee; nor shall the Payee have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

e. Any Payments made after the death of S.S. pursuant to the terms of the Release shall be made to the Estate of S.S.  After the age of majority, S.S. may submit a change of beneficiary in writing to the Assignee. The designation must be in a form acceptable to the Assignee.

f. Any Payments made after the death of L.O. pursuant to the terms of the Release shall be made to the Estate of L.O.  After the age of majority, L.O.  may submit a change of beneficiary in writing to the Assignee.  The designation must be in a form acceptable to the Assignee.

      g. The Periodic Payments constitute damages on account of personal injury or sickness in a case involving physical injury or physical sickness within the meaning of Section 104(a)(1) or 104(a)(2) and 130(c) of the Internal Revenue Code of 1986, as amended.

5. Plaintiffs are authorized and directed to execute any further documents reasonably necessary to carry out the terms of the settlement.

IT IS SO ORDERED.

Dated: **June 20, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – ORTIZ21cv02248.mc